Argued April 25, reversed and remanded with instructions
July 28, 1975

TURNER, *Appellant, v.* REED et al (No. 83411),
*Respondents.*
538 P2d 373

*Daniel H. Skerritt,* Portland, argued the cause for appellant. With him on the briefs were Lindsay, Nahstoll, Hart, Duncan, Dafoe & Krause, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and LEE, Judges.

SCHWAB, C. J.

This is the first case to reach an Oregon appellate court involving application of Oregon Laws

1973, ch 794, §§ 2-11, pp 2021-27, ORS 192.410 to 192.500, providing for citizen inspection of public records.[1] Plaintiff was either incarcerated in Oregon prisons or on probation or parole most of the time between 1958 and 1973. He seeks all prison and parole records concerning himself, ostensibly for purposes of a book he is writing,[2] from the defendant Corrections Division, custodian of those records. The Corrections Division furnished plaintiff with several hundred documents, but refused to furnish 46 documents on the grounds that they were exempt from public disclosure. Plaintiff then initiated this proceeding in equity pursuant to ORS 192.450(2) seeking the 46 retained documents. The trial court ruled the 46 documents were exempt from public disclosure. Plaintiff appeals.

The trial court examined the disputed records *in camera* and made them a court's exhibit (sealed) for transmittal to us. Below we discuss these records, as much as is possible under the circumstances.[3]

Plaintiff also introduced copies of the records that were disclosed to him. We have found it useful

---

[1] While the specific statute is new, legislation in this area is not. *See,* MacEwan v. Holm et al, 226 Or 27, 359 P2d 413, 85 ALR2d 1086 (1961); Papadopoulos v. St. Bd. of Higher Ed., 8 Or App 445, 494 P2d 260 (1972).

[2] The reason for plaintiff's request to inspect the records in question is of little relevance. The statutes require that disclosure decisions be based on balancing the *public* interest in disclosure against the *public* interest in confidentiality. *See,* Papadopoulos v. St. Bd. of Higher Ed., supra, 8 Or App at 448, n 1; *cf.,* n 11, infra. At most, plaintiff's private interest in this matter might be deemed to be some evidence of the public interest in disclosure.

[3] Since our decision is subject to review by the Oregon Supreme Court, it would be inappropriate for us to disclose the contents of the disputed records. It is, however, exceedingly difficult to write an opinion, or develop a body of case law, that explains the basis of our decision without any mention of the contents of the records.

to compare the records that were disclosed with those that were not in our efforts to deduce the basis of defendants' claim that the retained records are confidential.

The general rule is stated in ORS 192.420: "Every person has a right to inspect any public record * * *."[4] This general rule is subject to exceptions enumerated in ORS 192.500(1) and (2). Another feature of the statutory scheme, ORS 192.500(3), provides that when records contain both material subject to disclosure and material exempt from disclosure, "the public body shall separate the exempt" and make the balance available for inspection.

The broad question here, of course, is whether the 46 retained documents are available for inspection under ORS 192.420 or exempt from disclosure under ORS 192.500(1) and (2).

I. The Pleadings.

There are, however, some subsidiary questions that merit consideration, this being a case of first impression under a relatively new statute. One is: Exactly what should be required to be in the pleadings in this type of case?

Plaintiff's amended complaint described his efforts to obtain the disputed documents, and concluded:

"VII.
"Plaintiff is entitled to inspect and copy all records pertaining to plaintiff remaining within defendants' custody or control."

---

[4] Public records are broadly defined in ORS 192.410(4):

"'Public record' includes any writing containing information relating to the conduct of the public's business, prepared, owned, used or retained by a public body regardless of physical form or characteristics."

It is conceded that the disputed records in this case are public records.

Defendants' one-page answer simply stated: "* * * the defendants * * * deny paragraph VII."

■ Pleadings usually help narrow and define the issues for the courts. *See, Ames v. Motor Vehicles Division,* 16 Or App 288, 517 P2d 1216 (1974). Defendants' answer failed to do so.

■ The several exceptions from disclosure stated in ORS 192.500(1) and (2) vary considerably in their wording and scope, and apparently vary somewhat in their burden-of-proof requirements. There is, however, one general rule: "the burden is on the public body to sustain its action." ORS 192.490(1).[5]

■ We conclude this means it behooves an agency arguing for nondisclosure of public records to, in its pleading: (1) describe the records in question with as much particularity as possible, consistent with the claim of confidentiality; and (2) indicate, separately for each record, the ORS 192.500 exemption or exemptions that it claims to be applicable.[6]

The present record indicates the problems to

---

[5] In spite of the explicit language of ORS 192.490(1), repeated in ORS 192.450(1), there is some reason to doubt its accuracy. For example, ORS 192.500(2)(b) exempts information of a personal nature from disclosure, and provides:

"* * * The party seeking disclosure shall have the burden of showing that public disclosure would not constitute an unreasonable invasion of privacy."

It thus seems that ORS 192.490(1) and ORS 192.500(2)(b) are in conflict.

We feel it appropriate nevertheless to rely on ORS 192.490(1) in assigning a burden of *pleading* to public agencies, regardless of where the ultimate burden of *proof* might lie.

[6] In short, we here adopt as our holding an argument made by plaintiff's counsel in the trial court:

"* * * Your Honor, we have a list of 46 documents, and two blanket claims of exemptions. We think it highly unlikely that each of the documents fits under both of the exemptions. I think this is part of the burden of the state that they should explain what exactly exemption they're relying on for each document."

be avoided by this procedure. Without the benefit of any specificity in the answer, at trial plaintiff's counsel asked that defendants be required to state what ORS 192.500 exemptions they were relying upon. Defendants would not do so. The trial court's decision concluded "the 46 documents in question are exempt from public disclosure under the provisions of ORS 192.500(2)." Yet, ORS 192.500(2) states many different exceptions to the general rule requiring disclosure; several are arguably relevant to this case, but many are clearly irrelevant.

As the case comes to us, ORS 192.500(2)(a) and ORS 192.500(2)(d) are argued to be the relevant exceptions. They provide:

"(2) The following public records are exempt from disclosure under ORS 192.410 to 102.500:

"(a) Communications within a public body or between public bodies of an advisory nature to the extent that they cover other than purely factual materials and are preliminary to any final agency determination of policy or action. This exemption shall not apply unless the public body shows that in the particular instance the public interest in encouraging frank communication between officials and employes of public bodies clearly outweighs the public interest in disclosure;

"* * * * *

"(d) Information or records of the Corrections Division, including the State Board of Parole and Probation, to the extent that disclosure thereof would interfere with the rehabilitation of a person in custody of the division or substantially prejudice or prevent the carrying out of the functions of the division, if the public interest in confidentiality clearly outweighs the public interest in disclosure;

"* * * * *"

Many of the 46 documents in question, however, are

not in either category. For example, document numbered 9⑦ is a report of one of plaintiff's arrests; ORS 192.500(1)(c) would appear to be the relevant exemption. And document numbered 1 is a presentence report, arguably subject to completely separate statutory control. *See,* ORS 137.077 to 137.079. *See also,* n 12, infra.

Our uncertainty about the basis of the trial court's decision, or about the statutes relevant on appeal would be eliminated, or at least minimized, had the pleading requirements we here adopt been followed in this case. However, we proceed with our analysis based on ORS 192.500(2)(a) and ORS 192.-500(2)(d)—the only statutes that have been argued as relevant on appeal.

II. The Trial.

In an effort to prove that the 46 documents in question were exempt from disclosure, defendants called three witnesses: Dr. George Suckow, a psychiatrist with experience providing psychiatric reports to the Corrections Division; Mr. Donald Frishner, a District Parole and Probation Officer; and Mr. Amos Reed, Administrator of the Corrections Division. Dr. Suckow and Mr. Frishner had neither written nor examined any of the 46 documents. Mr. Reed testified he was familiar "in general" with plaintiff's records; he did not testify specifically about any of the 46 documents.

■ This testimony is grossly inadequate. Of course, when the very question in controversy is whether to disclose the contents of documents, we do not expect witnesses to describe the contents of the documents.

---

⑦ Defendants furnished plaintiff with a cryptic "descriptive list" of the retained documents. Plaintiff attached this list to his amended complaint. We refer to documents by their numbers on this list.

But it would be of great assistance to know, for example, exactly what role the various documents play within the Corrections Division in order to apply a statute requiring determination of whether disclosure would "substantially prejudice or prevent the carrying out of the functions of the division." ORS 192.500(2)(d). To illustrate, document numbered 40 is a one-page handwritten instrument. We have no idea what it is, or why it was placed in plaintiff's file in the first place. Also, many of the retained documents are entitled "preliminary review report." We deduce these are reports to the parole board. But their exact function remains a mystery on this record.

Furthermore, at trial Mr. Reed testified that no effort had been made to comply with ORS 192.-500(3), which provides:

"If any public record contains material which is not exempt under subsection (1), (2) or (4) of this section, as well as material which is exempt from disclosure, the public body shall separate the exempt and nonexempt material and make the nonexempt material available for examination."

In other words, it appears that defendants' position was that if a document contained any material exempt from disclosure, the whole document was exempt from disclosure.

On this testimony, the trial court should have reversed and remanded to the Corrections Division for compliance with ORS 192.500(3) unless it was satisfied, from an *in camera* inspection of the records, that it was impossible to separate the material subject to disclosure from the material arguably exempt from disclosure in the retained documents. Such is clearly not the case. For example, one of the retained documents (number 15) is a 10-page, single-spaced typewritten report. The first nine pages con-

tain purely factual material, all or most of which was in other documents furnished to plaintiff. So we assume defendants' only real concern related to material on the last page. Defendants should have been required to comply with ORS 192.500(3), thereby narrowing and simplifying the issues on judicial review.[®]

III. The Merits.

We turn to whether the documents in question are available for public inspection or exempt under the terms of the controlling statutes. We consider the significant substantive question to be: Must the availability question be determined on the basis of the contents of every individual document, or, instead, does the law contemplate that certain classes of documents will either always or never be available for inspection regardless of their specific contents? Psychiatric reports—one of the categories of disputed documents in this case—illustrate this issue: Are we expected to read each report and decide, based on its contents, the question of public disclosure, or, instead, can we hold that this class of documents is either always or never available for public inspection?

At first blush the statutes might seem to contemplate individual consideration of every document and a disclosure decision based on the contents there-

---

[®] We are aware that agencies can face a variety of problems in discharging their "editing" responsibilities under ORS 192.500(3). One is that deleted portions of a document could possibly be inferred from the balance. Another is that deletions may reach the point that it would be meaningless to disclose the balance.

We therefore hold that ORS 192.500(3) only requires editing of documents when segregating exempt and nonexempt material is (1) reasonably possible; and (2) can be done so as to genuinely preserve the confidentiality of exempt material.

This holding is, however, of little comfort to defendants in this case because there is nothing in the nature of most of the documents that makes ORS 192.500(3) editing impossible, or even difficult.

of. The exemptions stated in ORS 192.500(1) are all based in part upon whether "the public interest requires disclosure *in the particular instance*." (Emphasis supplied.) The exemptions stated in ORS 192.500(2) appear to be based on separate balancing tests stated in the various subsections of ORS 192.-500(2). Many of these subsections incorporate "particular-instance" language; for example, the internal-memoranda exemption, ORS 192.500(2)(a), depends upon proof "that in the *particular instance* the public interest in encouraging frank communication between officials and employes of public bodies clearly outweighs the public interest in disclosure." (Emphasis supplied.) All of this "particular-instance" language arguably contemplates disclosure decisions based on the contents of disputed public records.

On the other hand, the policy that permeates the disclosure statutes and legislative history is that disclosure decisions should be based on balancing those public interests that favor disclosure of governmental records against those public interests that favor governmental confidentiality, with the presumption always being in favor of disclosure. We conclude that for at least some categories of documents the conflicting public interests can be identified and balanced solely on the basis of the *nature* of the documents, without regard to the "particular" *contents* of the documents in question. Stated differently, in applying the exemptions in ORS 192.500(1) and (2) there will be extremes at either end of a spectrum: certain categories of documents will always be available for public inspection, regardless of their contents, and other classes of documents will never be available for inspection, regardless of their contents. Between these extremes, decisions may have to be based, in part at least, on the contents of individual documents.

This analysis does not relieve the courts of

the burden of examination of the documents in cases like this. It will still be necessary to examine documents to ascertain that they are public records within the meaning of ORS 192.410(4). And it will be necessary to examine documents to ascertain whether they are within any of the ORS 192.500(1) and (2) exemptions. But in applying the ORS 192.500(1) and (2) exemptions, it will be possible to balance the conflicting interests in some cases based on the nature of the documents, rather than their contents.

A. Psychiatric Reports.

Some of the disputed records are reports of psychiatric examinations of plaintiff. Some of the disputed records consist in part of reports of psychiatric examinations of plaintiff. These examinations were apparently conducted while plaintiff was incarcerated and were intended to be the basis of decisions made by corrections officials and the parole board.

 The interests in disclosure versus confidentiality do not vary based on the contents of the individual reports. For disclosure, plaintiff argues that the public has an interest in monitoring the work of all public servants, including corrections and parole officials; that psychiatric reports play an important role in decisions made in this context; and that therefore the public should have access to the information upon which decisions are based in order to better evaluate the decisions themselves. For confidentiality, defendants argue that disclosure of psychiatric examinations to a prisoner can have a detrimental impact on rehabilitation; this was the professional opinion of Dr. Suckow testifying in the trial court. But that is not directly germane to this case because plaintiff is no longer incarcerated or on parole.⑨ Also for

---

⑨ Some of the documents mention persons other than plaintiff, but defendants presented no evidence that any of them are currently in custody.

confidentiality, defendants argue that disclosure of psychiatric reports can have a "chilling effect" on the candor of such reports. Dr. Suckow's testimony also tend to support this argument. Balancing the conflicting interests, we conclude⑩ that disclosure of reports of psychiatric examinations that are part of the records of the Corrections Division would "substantially prejudice * * * the carrying out of the functions of the division," and that "the public interest in confidentiality clearly outweighs the public interest in disclosure." ORS 192.500(2)(d).⑪

Our holding applies specifically to the literal findings of a psychiatrist or psychologist expressed in the professional's own words. Some of the retained documents also contain paraphrases or summaries of professional findings written by laymen; we are unable to decide the appropriate disposition as to these passages on the present record.

Documents numbered 4 and 20 are psychiatric reports exempt from disclosure. Documents numbered 2, 7, 14, 15 and 41 contain psychiatric findings that can be excised pursuant to ORS 192.500(3); the remaining portions of these documents would appear to be available for public inspection. Documents numbered 3, 6 and 12—containing short summaries of psychiatric findings written by laymen—are questionable in the absence of further explanation by defendants.

---

⑩ This being an equitable proceeding, and the statutes explicitly provide the circuit court's review is "de novo," ORS 192.490(1), we conclude our authority is commensurate with that granted to the circuit court, and therefore review de novo on the record.

⑪ We express no view on the possible meaning of ORS 179.495, which plaintiff argues grants inmates the right of access to their own medical records. Cf., Triplett v. Bd. of Social Protection, 19 Or App 408, 528 P2d 563 (1974); Stivahtis v. Juras, 13 Or App 519, 511 P2d 421 (1973). Plaintiff has based his claim in this proceeding on ORS 192.410 to 192.500; were he to prevail under these statutes, inmate medical records would be available not only to plaintiff, but to every member of the public.

B. Internal Memoranda; Recommendations to the Parole Board.

Some of the disputed records are subjective evaluations in the form of recommendations to the parole board as to whether to grant parole to plaintiff, deny parole to plaintiff, or revoke plaintiff's parole. Some of these evaluations and recommendations are favorable to plaintiff, others are adverse.

■ Again, however, we find the interests in disclosures versus confidentiality do not vary based on the contents of the documents. The argument for disclosure is that the public has a right to monitor the decision-making process of governmental bodies, including the parole board. The argument for confidentiality is again the "chilling-effect" concern: the parole board should be entitled to obtain many different subjective evaluations and recommendations in making its often difficult and unpopular decisions, and that public disclosure of such material might tend to make it less candid and therefore less valuable to the board. We conclude that subjective evaluations and recommendations to the parole board constitute material "of an advisory nature" preliminary to an agency determination of action, and that "the public interest in encouraging frank communication * * * clearly outweighs the public interest in disclosure." ORS 192.500(2)(a).

We emphasize that only subjective evaluations and recommendations are exempt from disclosure. The parole board also makes decisions based on purely factual data. Such factual data is not exempt from disclosure. For example, document numbered 32 is a factual report to the parole board about one of plaintiff's arrests while on parole. It is subject to disclosure.

Documents numbered 10, 11 and 18 are exempt

from disclosure. Documents numbered 5, 12, 13, 17, 19 and 41 contain some subjective evaluations and recommendations that can be excised pursuant to ORS 192.500(3). The remaining portions of these documents would appear to be available for public inspection.

### C. Internal Memoranda; Reports Involving Plaintiff's Wife.

Documents that quote plaintiff's wife's comments about their marriage and family life are a difficult category to analyze. Again, some of these comments about plaintiff tend to be favorable, others unfavorable. Most of the comments are of a very personal nature. Our first reaction is that there is no public interest in disclosure of this private information. But finding legal support for that reaction is not made easier by defendants' arguments in this court.[20]

 In planning and implementing a program of rehabilitation for a person in prison or on parole, the Corrections Division has a legitimate and substantial interest in learning about the person's family life. Information might find its way into Corrections Division records that normally would not be shared with strangers. The public interest in disclosure of such personal information is nonexistent or *de minimis*. The public interest in confidentiality is overwhelming. Therefore, although we think defendants could have more properly relied upon other statutory exemptions, *see,* n 12, *supra,* we hold that disclosure of personal information about a person's family life would "substantially prejudice" the proper discharge of the functions of the Corrections Division, and that "the pub-

---

[20] As previously noted, defendants rely only on the exemptions stated in ORS 192.500(2)(a) and ORS 192.500(2)(d). As to personal information from plaintiff's wife, however, it would appear that ORS 192.500(2)(b) and ORS 192.500(2)(c) might be the more relevant exceptions.

lic interest in confidentiality clearly outweighs the public interest in disclosure." ORS 192.500(2)(d).

We do not mean to exempt all references to a person's family life. Factual information, for example, that a person is married or a parent, is subject to disclosure. Although the line may be difficult to draw, we only intend to exempt information that is normally regarded as personal in nature.

Document numbered 33 is exempt from disclosure. Document numbered 37 contains some factual information, but the factual cannot be separated from the personal, and thus this document is exempt. *See,* n 8, supra. Documents numbered 34 and 36 contain some personal information that can be excised pursuant to ORS 192.500(3). The remaining portions of these documents would appear to be available for public inspection.

### D. Other Internal Memoranda.

There is another identifiable category in the retained documents: those that have as a common denominator the danger that they might prove embarrassing to Corrections Division officials.

During plaintiff's several different periods on parole he was a frequent critic of the corrections system. He made public speeches, testified before the legislature, wrote newspaper stories, appeared on television, etc. Documents numbered 21, 23, 26, 31, 45 and 46 indicate that parole officials monitored— some might say overzealously—plaintiff's activities of this nature while he was on parole.

We do not think such a charge would be well-founded. Reading all the records—those disclosed and those retained—together, especially those involving plaintiff's criminal offenses while on parole, it appears to us that the parole board "leaned over backwards" to avoid revoking plaintiff's parole.

■ Be that as it may, many of the retained documents in this group are purely factual, and therefore not exempt from disclosure under ORS 192.500(2)(a). As to those that might be "advisory in nature," we find no difference between the ones that were disclosed and the ones that were retained, other than the potential for embarrassment to public officials.

■ Above we held that certain categories of documents are per se exempt from disclosure. We now hold that another category is per se available for public inspection, specifically those public records where the only interest in confidentiality is to protect public officials from criticism of the manner in which they have discharged their public duties. Citizens are entitled to inspect public records to learn what their government is doing—this means learning of government's possible shortcomings, not just government's successes.

Unless the defendants can identify and prove some interest in confidentiality other than possible embarrassment, documents numbered 21, 23, 26, 31, 45 and 46 are available for public inspection.

IV. Conclusion.

Other than those documents expressly held in whole or in part to be exempt from public disclosure, we hold, on the record thus far made, the balance of the documents in question appear to be available for public inspection. As noted above, we cannot even tell what some of these documents are. Many of those that we can identify contain information exactly or substantially the same as that contained in documents that were released to plaintiff. From the face of the documents we can perceive no interest in confidentiality. And defendants' very general testimony, *see,* part II, supra, fails to identify or prove any interest in confidentiality.

The trial court's decision is reversed and this cause is remanded with the following directions: (1) to remand to the defendants for further consideration consistent with the opinion and ORS 192.500(3); and (2) to retain jurisdiction to insure compliance with this opinion, should any dispute about compliance arise.

Reversed and remanded with directions.