Argued and submitted December 18, 1984, affirmed April 17, 1985

BAY AREA HEALTH DISTRICT,
*Appellant,*

*v.*

GRIFFIN,
*Respondent.*

(83-1747; CA A31419)

698 P2d 977

Robert L. Thomas, North Bend, argued the cause and filed the brief for appellant.

No appearance by respondent.

Theodore C. Falk, Susan P. Graber and Stoel, Rives, Boley, Fraser & Wyse, Portland, filed a brief amicus curia for Oregon Association of Hospitals.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Plaintiff brought a declaratory judgment action to determine whether it was required under the public records law, ORS 192.410-192.500, to disclose a portion of a report concerning a hospital operating room study. The trial court determined that pages 9 through 12 of the report were not exempt from disclosure and ordered their disclosure.[1] Plaintiff appeals.

The issue is whether those pages meet the requirements for exemption from disclosure as an "advisory" communication under ORS 192.500(2)(a), a "confidential" communication under ORS 192.500(2)(c) or a "privileged" communication concerning the training, supervision or discipline of physicians governed by ORS 41.675 and incorporated in ORS 192.500(2)(h). We review *de novo,* ORS 192.490(1); *Turner v. Reed,* 22 Or App 177, 189 n 10, 538 P2d 373 (1975), and affirm.

Plaintiff was organized under ORS Chapter 440 and licensed under ORS Chapter 441 to operate a health care facility in Coos County under the name of "Bay Area Hospital." Plaintiff is a "public body" within the meaning of ORS 192.410(1) and is subject to the public records law.

In 1982, the executive committee of the medical staff and the administration of the hospital determined the need for a study to evaluate the functioning of the hospital's operating rooms. Plaintiff's director of nursing services testified:

> "The purpose of the study was to investigate some questions about problems of hospital, physician-surgeon functioning, the proper carrying on of business in the operating room."

Plaintiff hired a consultant, the Association of Operating Room Nurses, Inc., to conduct the study, which culminated in a 23 page "consultative report," dated April 25-27, 1983, and an addendum dated July 1, 1983.

The study included interviews with medical and

---

[1] The judgment identifies the portion of the report ordered disclosed:

"(1) Pages nine (9) through twelve (12) commencing with the paragraph entitled 'Establishing Volume Limits and Cut-Off Times,' and ending with the last complete paragraph on page twelve (12) of the April 1983 study concerning the operating room at Bay Area Hospital shall be fully disclosed."

hospital staff members concerning operating room functions and the review of various documents and statistics concerning operating room utilization and procedures. The evidence is that the value of the study depended on open and frank discussion between the consultant and those individuals interviewed. The physicians and surgeons interviewed were assured that the study was confidential. After the study, plaintiff adopted and implemented some of the recommendations.

In August, 1983, defendant requested plaintiff to disclose that portion of the report that "delineates staffing recommendations for number of personnel in the operating room." Plaintiff refused, and defendant petitioned the district attorney pursuant to ORS 192.460 to review the report to determine whether the requested portion should be withheld from public inspection. The district attorney determined that pages 9 through 12 pertained to defendant's request and ordered their disclosure. Plaintiff refused and filed this action, contending that the entire report is exempt from disclosure.

The trial court arrived at the same conclusion as the district attorney and entered the judgment appealed from.[2] It appears from the findings that the court determined that pages 9 through 12 were not exempt from disclosure, because they did not meet the public interest balancing requirement of ORS 192.500(2)(a). Plaintiff argues that that determination was error and further contends that pages 9 through 12 are also exempt under ORS 192.500(2)(c) and ORS 192.500(2)(h).

It is undisputed that the report is a public record within the definition of ORS 192.410(4).

---

[2] The judgment contains findings:

"(1) The communications described in the report are of an advisory nature, covering other than purely factual materials and are preliminary to any final determination of policy or action by the plaintiff under ORS 192.500(2)(a).

"(2) The public interest in disclosure of pages (9) through (12) of the report is not clearly outweighed in this case by the public interest in encouraging frank communication between officials and employees of Bay Area Health District.

"(3) The type of information contained on pages (9) through (12) is not such that its disclosure would discourage any reasonable person from participating in interviews or discussions between employees, staff, or consultative specialists.

"(4) The presumption in favor of disclosure has not been overcome by the evidence presented on behalf of plaintiff."

" 'Public record' includes any writing containing information relating to the conduct of the public's business, prepared, owned, used or retained by a public body regardless of physical form or characteristics."

A public record is, subject to certain limited exemptions, open to inspection. ORS 192.420 provides:

"Every person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided by ORS 192.500."

The exemptions that plaintiff relies on are contained in ORS 192.500(2):

"The following public records are exempt from disclosure under ORS 192.410 to 192.500:

"(a) Communications within a public body or between public bodies of an advisory nature to the extent that they cover other than purely factual materials and are preliminary to any final agency determination of policy or action. This exemption shall not apply unless the public body shows that in the particular instance the public interest in encouraging frank communication between officials and employes of public bodies clearly outweighs the public interest in disclosure;

"* * * * *

"(c) Information submitted to a public body in confidence and not otherwise required by law to be submitted, where such information should reasonably be considered confidential, the public body has obliged itself in good faith not to disclose the information, and when the public interest would suffer by the disclosure;

"* * * * *

"(h) Public records or information the disclosure of which is prohibited or restricted or otherwise made confidential or privileged under ORS * * * 41.675 * * *."

We begin the analysis with the understanding that "the burden is on the public body to sustain its action." ORS 192.490(1); *Turner v. Reed, supra,* 22 Or App at 182 n 5. When the specific exemption requires it,

"disclosure decisions should be based on balancing those public interests that favor disclosure * * * against those public interests that favor confidentiality, with the presumption always being in favor of disclosure." *Turner v. Reed, supra,* 22 Or App at 187.

Plaintiff argues that the report is within a "category" of public documents that by their very nature should never be disclosed. In *Turner v. Reed, supra,* we held that certain Corrections Division documents, including psychiatric evaluations, recommendations to the parole board concerning the grant, denial or revocation of parole and reports involving a prisoner's personal life are exempt from disclosure under ORS 192.500(2)(a) and (c). We reasoned that, in reviewing those particular classes or categories of documents, "the conflicting public interests can be identified and balanced solely on the basis of the *nature* of the documents, without regard to the 'particular' *contents* of the documents in question." 22 Or App at 187. (Emphasis in original.)

Our decision in *Turner* contemplated identifiable categories of documents that are consistently used by a particular public body in its decision-making function. In the present case, we decline to hold that the operating room report belongs to a class or category of documents that is by its nature exempt from disclosure, because on the record before us there is no evidence that there is any identifiable category of like documents to which this particular document belongs.[3]

Under ORS 192.500(2)(a), a public record is exempt from disclosure if (1) it is a communication within a public body, (2) it is of an advisory nature preliminary to any final agency action, (3) it covers other than purely factual materials and (4) in the particular instance, the public interest in encouraging frank communication clearly outweighs the public interest in disclosure.

It is clear that the report satisfies requirements (1) and (2). Considering requirement (3), the pages concern staffing levels in the operating room and include the consultant's subjective observations and recommendations and comments in terms of hours, turnover and personnel requirements. On page 12, the report itemizes "current staffing" levels in terms of quantity. There was testimony to the effect that current staffing levels were not considered confidential, but that plaintiff chose not to disclose that information,

---

[3] Oregon Association of Hospitals, appearing as amicus curia, emphasizes the importance of what it calls "confidential quality assurance reports" in maintaining accreditation and high quality care in public and private hospitals. However, there is nothing in the trial court record indicating the use of such reports in the industry.

because it is a part of the report that plaintiff claims, in its entirety, to be confidential. We understand "current staffing" levels to mean the operating room staff available and in existence at the time the study was made. It is "purely factual material" and not exempt from disclosure.

Throughout pages 9 through 12, there is additional factual material that is inextricably intertwined with non-factual material. To separate the factual from the non-factual (*i.e.,* the consultant's observations, recommendations and opinions) would leave the former essentially without meaning. Page 11 contains mathematical computations for "staffing requirements" in the operating room. It makes reference to a formula contained in "Appendix C". Appendix C is not in the record before us, although it is our understanding from the testimony that Appendix C is a national standard or formula for operating room staffing.

There is a paucity of evidence that the consultant's observations and recommendations in pages 9 through 12 resulted from any source other than existing factual data within or without the confines of the hospital. Stated differently, there is an absence of evidence that the non-factual material in the pages resulted from frank communication between the consultant, the hospital or the medical staff.

In applying requirement (4), we must determine whether in this "particular instance" the public interest in frank peer review of the hospital operating rooms outweighs the public's interests in disclosure. We hold that it does not. In *Turner v. Reed, supra,* we found that public disclosure of psychiatric reports and recommendations to the parole board would have a "chilling effect" on candor. We held that the disclosure of the reports and recommendations would substantially prejudice the carrying out of the functions of the Corrections Division and that the public interest in confidentiality clearly outweighed the public interest in disclosure.

In the present case, it is clear from the testimony that plaintiff's ability to conduct future self-critical review would be severely handicapped if information obtained during the review process were made public. However, we are not persuaded that the source of the non-factual material on pages 9 through 12 was frank communications. Even if we were to assume that the non-factual material was the result of frank

communication, the presumption favoring disclosure outweighs any evidence to the contrary. The pages are readily severable from the remainder of the report. ORS 192.500(3).[4] The trial court was correct when it ordered disclosure.[5]

Affirmed.

---

[4] ORS 192.500(3) provides:

"If any public record contains material which is not exempt under subsection (1) or (2) of this section, as well as material which is exempt from disclosure, the public body shall separate the exempt and nonexempt material and make the nonexempt material available for examination."

[5] Neither are pages 9 through 12 exempt from disclosure under ORS 192.500(2)(c), because there is no evidence that the material used to prepare those pages was submitted in confidence or was considered confidential. The exemption provided by ORS 192.500(2)(h) is also inapplicable.