Argued and submitted February 3, 2000, summary judgment and award of
attorney fees reversed and remanded for further proceedings; otherwise affirmed
February 14, 2001

# David R. KLUGE,
*Appellant,*

*v.*

# OREGON STATE BAR,
*Respondent.*

## (98C-17944; CA A105548)

19 P3d 938

David R. Kluge argued the cause and filed the briefs *pro se*.

Michael C. Livingston, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Haselton, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

WOLLHEIM, J.

---

* Deits, C. J., *vice* De Muniz, J., resigned.

**WOLLHEIM, J.**

In this public records disclosure case, plaintiff appeals a judgment denying him access to certain Oregon State Bar (Bar) records. Plaintiff assigns as error the trial court's award of summary judgment, an award of costs and prevailing party fees to the Bar, an order dissolving a stay of Bar disciplinary proceedings, and an *ex parte* communication that occurred following the summary judgment hearing. Because summary judgment was not appropriate in this instance, we reverse the summary judgment and award of attorney fees and remand for further proceedings. We otherwise affirm.

In July 1998, the Bar notified plaintiff that it would institute a formal disciplinary proceeding against him. Plaintiff made a written demand, pursuant to the Oregon Public Records Act, ORS 192.410 to ORS 192.505, for all the records held by the Bar relating to that proceeding. The Bar replied that it would permit plaintiff to review, inspect, and receive copies of the requested records except for those records or sections of records that constituted the analysis portions of communications to or from the Local Professional Responsibility Committee (LPRC) or the State Professional Responsibility Board (SPRB).

Plaintiff subsequently petitioned the Attorney General to review the requested records to determine whether the contested portions were properly withheld from public inspection and to order the Bar to release the records. ORS 192.450(1). The Attorney General inspected the requested records and denied plaintiff's request for release of the contested portions on the ground that those portions are exempt from disclosure under ORS 192.502(1) as records that consist of "observations, assessments, analysis, advice and recommendations."[1] Plaintiff's petition for reconsideration was denied.

---

[1] ORS 192.502(1) provides that the following public records are exempt from disclosure:

"Communications within a public body or between public bodies of an advisory nature to the extent that they cover other than purely factual materials and are preliminary to any final agency determination of policy or action. This exemption shall not apply unless the public body shows that in the particular instance the public interest in encouraging frank communication between

Plaintiff then filed this proceeding in the circuit court. ORS 192.450(2). Plaintiff's complaint asked the trial court to order the Bar to produce the contested records, to enjoin the Bar from proceeding with any disciplinary action against plaintiff until those records are produced, and to award plaintiff costs and attorney fees. Based upon the complaint, the trial court issued a temporary restraining order (TRO) directing the Bar not to initiate and prosecute any formal disciplinary proceeding so long as it continued to withhold any of the records at issue. The Bar moved to dissolve the TRO on the grounds that circuit courts lack jurisdiction over Bar disciplinary proceedings and that plaintiff had not shown irreparable harm. In response to that motion, the trial court dissolved the TRO.

The Bar then moved for summary judgment. In January 1999, the trial court held a hearing to consider the Bar's motion. Immediately following the conclusion of the hearing, the trial court judge met with the Bar's attorney and representative in his chambers. Notably, the trial court did not conduct an *in camera* inspection of the contested Bar records. The trial court granted summary judgment in favor of the Bar and awarded the Bar its costs and disbursements. Plaintiff appeals.

■    Oregon has a "strong and enduring policy that public records and governmental activities be open to the public." *Jordan v. MVD*, 308 Or 433, 438, 781 P2d 1203 (1989). The guiding principle in Oregon is to protect the public's right to inspect public records. ORS 192.420 ("Every person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided * * *."); *City of Portland v. Anderson*, 163 Or App 550, 553, 988 P2d 402 (1999). Disclosure is the rule and exemptions from disclosure are to be narrowly construed. *Oregonian Publishing v. Portland School Dist. No. 1J*, 144 Or App 180, 184, 925 P2d 591 (1996), *aff'd on other grounds* 329 Or 393, 987 P2d 480 (1999). When a public body withholds public records from disclosure, that body carries the burden of sustaining that action upon judicial review. ORS 192.490(1).

officials and employees of public bodies clearly outweighs the public interest in disclosure."

■ Plaintiff assigns as error the trial court's decision to dissolve the TRO on the basis that the court did not have jurisdiction to issue a stay of a Bar disciplinary proceeding. ORS 9.529 provides that Bar disciplinary proceedings "are *sui generis* and within the inherent power of the Supreme Court to control." The Supreme Court has further explained that

> "[d]isciplinary rules approved by this court have the status of law in Oregon. ORS 9.490. The enforcement of those rules by means of imposing disciplinary sanctions is in the jurisdiction of the professional boards created by the Oregon State Bar Rules of Procedure and ultimately of this court. *It does not involve the state's other courts." State ex rel Bryant v. Ellis*, 301 Or 633, 636, 724 P2d 811 (1986) (emphasis added).

We therefore affirm the trial court's order dissolving the TRO.

Plaintiff also assigns as error the trial court's conclusion that there were no factual issues in dispute and that the Bar was entitled to judgment as a matter of law. Specifically, plaintiff argues that summary judgment was not appropriate in this instance, because none of the records he has requested falls within the exemptions from disclosure under the Oregon Public Records Act. The Bar responds that the trial court did not err and that the exempted materials constitute internal advisory communications that are exempt from disclosure under ORS 192.502(1).[2]

The requirements of ORS 192.502(1) are several. Under that exemption, a public record is exempt from disclosure if it meets all the following criteria: (1) It is a communication within a public body or between public bodies; (2) it is of an advisory nature preliminary to any final agency action; (3) it covers other than purely factual materials; and (4) in

---

[2] The Bar's motion for summary judgment claimed exemptions under ORS 192.502(1) and (9). ORS 192.502(9) provides that "[p]ublic records or information the disclosure of which is prohibited or restricted or otherwise made confidential or privileged under Oregon law" are exempt from disclosure under Oregon's public records laws. The trial court did not state the statutory basis for its ruling. Because the Bar argues on appeal that the contested records are exempt from disclosure under only ORS 192.502(1), we do not consider whether they may also qualify for exemption under ORS 192.502(9).

the particular instance, the public interest in encouraging frank communication clearly outweighs the public interest in disclosure.

Generally, we review public records proceedings *de novo* on the record. ORS 192.490(1); *Turner v. Reed*, 22 Or App 177, 189 n 10, 538 P2d 373 (1975). However, we do not ignore the fact that this case is on appeal from a summary judgment. *Dimeo v. Gesik*, 164 Or App 567, 569, 993 P2d 183 (1999). *See also City of Portland*, 163 Or App at 552 (applying summary judgment standard of review in public records disclosure case). Consequently, we review the summary judgment to determine whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997). We view the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the nonmoving party, in this instance plaintiff. *Id.* at 408. We will affirm only if no objectively reasonable factfinder could return a verdict for plaintiff. ORCP 47 C.

The trial court record consisted of memoranda in support of and in opposition to the motion for summary judgment, affidavits from plaintiff and a Bar representative (Sapiro affidavit), the Attorney General's order pertaining to the records at issue here, other related documents, and a 1989 Attorney General disclosure order. Because the trial court did not inspect the Bar records, the trial court's knowledge of the requested records was based upon a description, prepared by the Bar, of all the materials related to the Bar disciplinary action against plaintiff. The Bar's description of the exempted materials is as follows:

"1.   The LPRC file actually consists of three files:

"(a)   a file containing material regarding the assignment to the investigator. There are 35 pages, two of which we claim are exempt. The two pages contain the analysis portions of the staff memo assigning this matter to the LPRC;

"(b)   a file containing the investigator's working file in the investigation, approximately 100 pages. * * * We do claim exemption for 24 pages which contain the investigator's draft analysis, final analysis, recommendation and other

written material where his thought process or mental impressions are evident. On occasion, the investigator apparently wrote notes to himself on letters he received. * * * [W]e will redact the hand-written notes from the copy we make available to [plaintiff]. A copy of the staff memo assigning this matter to the PLRC is also found in this file. As mentioned above in #1(a), we claim exemption to the analysis sections of the memo.

"* * * * *

"(6)   Disciplinary Counsel's Office has a file consisting of 55 pages. We claim exemption to 12 of those pages, consisting of those portions of staff reports and the LPRC report that contain internal analysis or recommendations. Where a page contains both public and exempt materials, we will redact the exempt material and make the rest available."

That description was included in a letter that also described the materials that the Bar concluded were subject to disclosure and the materials requested by plaintiff that do not exist.

We conclude that, given the nature of this particular dispute—a public records request related to a still-active disciplinary proceeding against an attorney—and the trial court record, the trial court erred when it granted defendant's motion for summary judgment.

The trial court record arguably establishes that the requested documents, including the exempted portions, constitute communications within a public body or between public bodies as required by ORS 192.502(1). However, we have no way of verifying the Bar's assertion that the contested records also met the requirements that they are of an advisory nature preliminary to any final agency action and that they cover other than purely factual materials. More importantly, neither did the trial court.

■       Given the public's right to inspect records and the fact that exemptions to disclosure are to be narrowly construed, we conclude that the trial court erred in relying solely upon the Bar's description of the contested records in reaching its decision to grant the Bar's summary judgment motion. Relying solely upon such descriptions eviscerates meaningful judicial review of agency determinations that specific public

records are exempt from disclosure. The presumption is that public records are to be disclosed. *Turner,* 22 Or App at 187. The government body claiming exemption must demonstrate that the public record qualifies for the exemption. Something more than mere assertions concerning the contents of exempted records is needed in order to protect the public's right of disclosure in this instance.[3] Put differently, the trial court did not have sufficient evidence before it to resolve issues of material fact—whether the contested records are of an advisory nature preliminary to any final agency action and whether they contain other than purely factual materials.

■    The Bar contends that, although ORS 192.490(1) provides for *in camera* inspection of the contested records by the trial court, it does not require the court to do so before reaching a decision and that, therefore, the Sapiro affidavit and other documents in the record are sufficient to support summary judgment.[4] That argument does not resolve the issue present here. We recognize that *in camera* inspection of public records is not necessary in every instance of judicial review where an exemption claim is contested. For example, the nature of the exempted material may be derived through testimony before the trial court or through other means. However, ORS 192.490(1) does not relieve the Bar of its burden to establish a record sufficient to support summary judgment. The present record is insufficient to establish, as fact, that the contested records satisfy the requirements of ORS 192.502(1).

■    Summary judgment was also improper in this instance for another reason. The materials submitted by the

---

[3] The Bar appears to give great significance to the fact that plaintiff's affidavit fails to controvert facts attested to in the Sapiro affidavit concerning the contents of the contested records. The Bar observes that plaintiff's arguments, although expressed as disputes of material facts, are in essence arguments that the contested records are not exempt as a matter of law. Given the fact that plaintiff has been denied access to the contested records and, therefore, has no personal knowledge of their contents, we do not treat plaintiff's failure to directly controvert the Sapiro affidavit as a concession as to the contents of the records. The nature of the action effectively limits what plaintiff can say about the contested records.

[4] ORS 192.490(1) provides that "[t]he court, on its own motion, *may* view the documents in controversy in camera before reaching a decision." (Emphasis added.)

Bar in support of its motion for summary judgment fail to show that, in this particular instance, the public interest in encouraging frank communications between officials and employees of public bodies clearly outweighs the public interest in disclosure. The Sapiro affidavit asserts that disclosure of the contested records "would discourage frank communications within the OSB disciplinary process." That statement is supported by analysis contained in the Bar's memorandum in support of summary judgment that further explains the public's interest in open and frank communications between government bodies. However, neither of those documents analyzes the public's interest in the disclosure of those records and, consequently, do not weigh those competing interests. Because they do not weigh the competing interests, the documents do not clearly demonstrate that the one interest outweighs the other.

The Bar argues that the Sapiro affidavit incorporates, by reference, a 1989 Attorney General order that concluded that the analysis portions of communications between the Bar, the LPRC and the SPRB, in the context of a lawyer disciplinary investigation and formal disciplinary proceeding, are exempt from disclosure under ORS 192.502(1). That order does not benefit the Bar, because its analysis is not relevant here. That order analyzes the competing public interests of a case in 1989, not the competing public interests in this particular instance as is required by ORS 192.502(1).

The Bar posits that the "in the particular instance" requirement is satisfied here because the same public interest considerations apply in every case in which an accused attorney seeks disclosure of Bar records pertaining to an ongoing disciplinary proceeding. *See Turner*, 22 Or App at 187 ("for at least some categories of documents the conflicting public interests can be identified and balanced solely on the basis of the *nature* of the documents, without regard to the 'particular' *contents* of the documents in question"). We disagree. There is nothing about the nature of Bar disciplinary records that would make the particular content of those records irrelevant to a determination of whether the ORS 192.502(1) exemption applies. The types of records at issue here do not fall into the type of categorical exemptions contemplated in *Turner*.

For the aforementioned reasons, we hold that the Bar was not entitled to judgment as a matter of law and that the trial court erred when it granted the Bar's motion for summary judgment. Consequently, we reverse the summary judgment and remand for further proceedings. Because we reverse the summary judgment, we also reverse and remand the award of costs and attorney fees to the Bar.[5]

Summary judgment and award of attorney fees reversed and remanded for further proceedings; otherwise affirmed.

---

[5] In light of our holding, we need not address whether the trial court's *ex parte* meeting with the Bar's trial counsel constituted reversible error.