In A142990, on respondent's motion to reconsider order filed July 29, and petitioner's response filed August 24, and in A143153, on petitioner's motion for leave to inspect sealed material in agency record filed July 9, and respondent's response filed August 6, in A142990, reconsideration allowed; previous order adhered to; in A143153, motion granted December 22, 2010

## RANDY D. FISHER,
*Petitioner,*

*v.*

## BOARD OF PAROLE
## AND POST-PRISON SUPERVISION,
*Respondent.*

### A142990 (Control)

## DENNIS LEROY GORDON,
*Petitioner,*

*v.*

## BOARD OF PAROLE
## AND POST-PRISON SUPERVISION,
*Respondent.*

### A143153

245 P3d 671

Peter Gartlan, Chief Defender, and David C. Degner, Deputy Public Defender, Office of Public Defense Services, for petitioner Randy D. Fisher's motion.

Peter Gartlan, Chief Defender, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, for petitioner Dennis Leroy Gordon's motion.

John R. Kroger, Attorney General, David B. Thompson, Interim Solicitor General, and Matthew J. Lysne, Assistant Attorney General, *contra*.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge.

WOLLHEIM, P. J.

## WOLLHEIM, P. J.

In these two consolidated cases,[1] petitioners seek judicial review of decisions by the Board of Parole and Post-Prison Supervision (board) denying or deferring their parole release dates. On review, each petitioner filed a motion requesting that this court issue an order allowing appellate counsel to view the confidential sealed information on which the board relied in making its decision. For the reasons discussed below, we conclude that each petitioner's counsel should be allowed to view the confidential sealed information on which the board relied in making its decision.

## I. *FISHER v. BOARD OF PAROLE AND POST-PRISON SUPERVISION*

In 1985, petitioner Fisher was convicted of aggravated felony murder, murder, rape in the first degree, and attempted rape in the first degree. He was sentenced to life imprisonment without the possibility of parole for 20 years for the aggravated felony murder conviction and to 20 years for the rape conviction. On September 19, 2007, the board held a murder review hearing to determine petitioner's parole release date. The board denied petitioner a parole release date because petitioner had failed to demonstrate that he was likely to be rehabilitated within a reasonable time. Fisher sought administrative review, asserting that his rights were violated when the board did not disclose to him the materials on which the board relied on in making its decision. The board responded that the sealed materials were exempt from disclosure because they were submitted in confidence and disclosure of the sealed materials would substantially prejudice or prevent the carrying out of the board's functions, and the public interest in confidentiality outweighed the public interest in disclosure.

On judicial review, Fisher's appellate counsel filed a motion to inspect the sealed material, relying on ORAP 3.07. The board opposed the motion, arguing that disclosure was not in the public interest. The board also stated that the confidential sealed materials were not critical to the board's decision and the board would withdraw its order and issue a new

---

[1] These cases are consolidated only for the purpose of issuing this opinion.

order without considering the confidential sealed materials rather than reveal them.

The Appellate Commissioner reviewed the parties' submissions and the confidential sealed materials, and granted Fisher's motion to inspect the confidential sealed materials. The commissioner explained:

> "The court recognizes that the board's ability to protect community safety could be compromised if those with information about an inmate were inhibited from sharing that information with the board because the board could not provide confidentiality. However, disclosure to counsel alone does not implicate that concern. Petitioner argues that disclosure to his counsel is necessary for petitioner to obtain meaningful judicial review and for counsel to satisfy his professional obligations to his client. Given the compelling arguments raised by petitioner, the court concludes that the board has not met its burden of showing that the public interest in confidentiality clearly outweighs the public interest in disclosure."

In allowing counsel to inspect the confidential sealed materials, the commissioner imposed the following conditions: (1) petitioner's counsel was not permitted to inspect the sealed material until counsel had submitted a statement that counsel would not disclose the material to petitioner and, if necessary, would file a redacted or confidential brief; and (2) counsel must comply with a court order barring further disclosure of the sealed material. Further, because the board maintained that the confidential sealed materials were not essential to its decision and it would withdraw the order rather than allow inspection by petitioner's counsel, the commissioner gave the board seven days from the date of the commissioner's order to withdraw the board's order on review.

Instead of withdrawing the order, the board filed an emergency motion under ORAP 7.35 to stay the order in part so as to prohibit counsel from inspecting the confidential records until the court decided the board's motion for reconsideration. The board also asked that, in the event that the court denied the board's motion for reconsideration, the court

stay the order for at least seven days after the court's decision. The commissioner granted the board's motion to stay and we now reconsider the commissioner's order.

■ ■   The issue on reconsideration is whether the board must disclose the confidential sealed materials to appellate counsel. The board does not dispute that it is a public body and that the sealed documents are public records under ORS chapter 192. Under ORS 192.420(1), "Every person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided by ORS 192.501 to 192.505."[2] Disclosure is the norm; the public body must justify an exclusion. *Guard Publishing Co. v. Lane County School Dist.*, 310 Or 32, 39, 791 P2d 854 (1990). A public entity that withholds public records from disclosure has the burden of proving an exemption on judicial review. ORS 192.420(1); *Mail Tribune, Inc. v. Winters*, 236 Or App 91, 95, 237 P3d 831 (2010). "To satisfy that burden, a public body must establish exemptions from disclosure 'on an individualized basis.'" *Mail Tribune*, 236 Or App at 95 (quoting *Guard Publishing*, 310 Or at 39).

ORS 144.130(1) provides that prior to a parole hearing, an inmate shall have access to the written materials the board will consider, "with the exception of materials exempt from disclosure under ORS 192.502(5)." In turn, ORS 192.502(5) provides an exemption for

"[i]nformation or records of the Department of Corrections, including the State Board of Parole and Post-Prison Supervision, to the extent that disclosure would interfere with the rehabilitation of a person in custody of the department or substantially prejudice or prevent the carrying out of the functions of the department, if the public interest in confidentiality clearly outweighs the public interest in disclosure."

Thus, the board has the burden of showing that the public interest in confidentiality of the sealed documents clearly outweighs the public interest in disclosure.[3]

---

[2] A "person" includes "a representative or agent of the person." ORS 192.420(2)(b)(B).

[3] Similarly, OAR 255-015-0010(1) provides, in part:

"The Board shall disclose its records to any person or agency unless:

The board argues that, if it "cannot assure victims, informants, and others with potentially relevant information that their confidential statements will be shielded from offenders, many simply will not submit statements." We agree that a promise of confidentially may be a compelling reason to not disclose the confidential information. However, Fisher is not asking this court to order that the confidential information be available to him or to the general public; rather, Fisher seeks an order allowing his appellate counsel to view the confidential sealed material in order for the appellate counsel to represent Fisher in this petition for judicial review.

The board contends that even disclosure to counsel *alone* would interfere with the board's function of collecting information. The board asserts that ORS 192.502(5) only allows disclosure to "the public," and does not allow the court to fashion a limited disclosure to counsel before weighing whether the public interest in confidentiality clearly outweighs the public interest in disclosure. We disagree. First, neither the introductory wording of ORS 192.502 itself nor subsection (5) says anything about disclosure to "the public." ORS 192.502(5) is broadly worded, and comprehends the possibility of disclosure to counsel for an offender involved in a hearing before either the Department of Corrections or the board.

Second, ORS 192.502(5) provides that Department of Corrections or board information or records are exempt from disclosure

"*to the extent* that disclosure would interfere with the rehabilitation of a person in custody of the department or substantially prejudice or prevent the carrying out of the

---

"(a) Disclosure would interfere with the rehabilitation of the inmate/ offender, and the public interest in confidentiality clearly outweighs the public interest in disclosure; or

"(b) Disclosure would substantially prejudice or prevent the carrying out of the functions of the Board or the Department of Corrections, and the public interest in confidentiality clearly outweighs the public interest in disclosure; or

"(c) The information was submitted to a public body in confidence, the information should reasonably be considered confidential, the public body has obliged itself in good faith not to disclose the information, and the public interest will suffer by disclosure of the information[.]"

functions of the department, if the public interest in confidentiality clearly outweighs the public interest in disclosure."

(Emphasis added.) Included in the scope of ORS 192.502(5) is the possibility of disclosure of otherwise confidential information to counsel for the offender involved in a hearing at which the offender's liberty is at stake. The public has an interest in being certain that the board is administering the laws relating to parole and post-prison supervision properly to the end that offenders are not improperly released from prison or improperly denied release from prison, as the case may be. The offender has the right to judicial review of the board's decision; therefore, the public also has an interest in ensuring that, in our adversarial system of justice, the offender's advocate has the ability to provide proper advocacy on the client's behalf, for both the benefit of the offender and the court.

Although the court has inherent authority to fashion a protective order, there is no need to rely on that authority because ORS 1.160[4] and ORAP 3.07(8)[5] provide the necessary authority. Under those authorities, we may designate parts of the board record as not subject to inspection by a party or the public, and the commissioner's order barring Fisher's appellate attorney from further disclosing the sealed materials is sufficient to maintain the confidentiality of those materials. Providing limited disclosure to counsel does not interfere with the rehabilitation of an offender or prejudice or prevent the carrying out of the board's functions, therefore,

---

[4] ORS 1.160 provides:

"When jurisdiction is, by the Constitution or by statute, conferred on a court or judicial officer, all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding is not specifically pointed out by the procedural statutes, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the procedural statutes."

[5] ORAP 3.07(8) provides:

"The provisions of this rule apply to the extent practicable and to the extent authorized by law to any material submitted to an appellate court when the appellate court determines that such material is not subject to inspection by a party, a party's attorney, or the public. The appellate court may designate material as not subject to inspection by a party, a party's attorney, or the public on its own motion or in response to a motion filed by any party."

the public interest in confidentiality does not outweigh the public interest in limited disclosure to the offender's attorney on judicial review.

Nonetheless, the board argues that this court previously decided this issue adversely to petitioner in *Turner v. Reed*, 22 Or App 177, 538 P2d 373 (1975). The board's reliance on *Turner* is misplaced. In *Turner*, the plaintiff sought his prison and parole records for the purposes of writing a book. *Id.* at 180. *Turner* does not stand for the proposition that this court lacks authority to allow appellate counsel to inspect sealed material in the context of deciding a motion to inspect under ORAP 3.07.

Accordingly, on review, we adhere to the Appellate Commissioner's decision to allow inspection of the sealed documents by appellate counsel.

## II. *GORDON v. BOARD OF PAROLE AND POST-PRISON SUPERVISION*

Petitioner Gordon was convicted of murder and rape in the first degree in 1976 and was sentenced to life in prison with the possibility of parole for the murder conviction and to a consecutive 20-year indeterminate sentence for the rape conviction. On February 21, 2007, the board held an exit interview for Gordon and deferred his parole release date for 24 months. The board concluded that Gordon "suffers from a present severe emotional disturbance that constitutes a danger to the health or safety of the community." The record in the exit interview included several documents that were not disclosed to Gordon, who sought administrative review, arguing that the board's decision was not supported by substantial evidence. The board denied Gordon relief.

Gordon seeks judicial review of the board's denial of parole. Gordon moves this court for an order allowing appellate counsel to view the confidential sealed materials that the board relied on to determine whether the board's decision was supported by substantial evidence in the record. The board asserts that, if the court determines that inspection is warranted, it will withdraw its order and issue a new order without considering the confidential sealed material in the record.

For the reasons discussed above, we conclude that the board has not carried its burden of proving that the public interest in confidentiality of the sealed documents clearly outweighs the public interest in disclosure, if the documents are disclosed only to appellate counsel. In addition, we note that it would not be possible for appellate counsel to provide adequate assistance on the issue of whether the decision was supported by substantial evidence in the record if appellate counsel cannot inspect the entire record.

Accordingly, we order the board to allow petitioners' appellate counsel to view the sealed material. We impose the same conditions that the commissioner imposed in *Fisher*: (1) petitioner's counsel is not permitted to inspect the confidential sealed material until counsel has submitted a statement that counsel will not disclose the material to petitioner and, if necessary, will file a redacted or confidential brief; and (2) counsel must comply with an order barring further disclosure of the sealed material. But, because the board states that it will withdraw its order that relied on the sealed material rather than disclose that material to counsel, we give the board seven days from the date that this opinion issues to withdraw the order on review, during which period petitioners' counsel will not be permitted to inspect the sealed material.[6]

In A142990, reconsideration allowed; previous order adhered to. In A143153, motion granted.

---

[6] A motion to reconsider or similar filing shall not cause this court to delay appellate counsels' inspection of the sealed materials. In the future, if the board is faced with a similar situation, the better practice would be to withdraw the order rather than wait to see if this court will deny the motion to inspect sealed materials. If, as the board has argued in these cases, it neither relied on nor needs the confidential sealed materials, then the board should not force this court or the parties' counsel to spend the time necessary to resolve an issue that does not require resolution.