Argued and submitted June 2, 1989, reversed and remanded July 26, AA Ambulance Co.'s petition for reconsideration denied September 29, Care Ambulance Co.'s petition for reconsideration denied October 13, 1989, both petitions for review denied January 11, 1990 (309 Or 231)

CARE AMBULANCE COMPANY, INC.,
*Respondent,*

*v.*

MULTNOMAH COUNTY et al,
*Appellants.*

(A8702-01003; CA A47353 (Control))

AA AMBULANCE COMPANY, INC.,
*Respondent,*

*v.*

MULTNOMAH COUNTY et al,
*Appellants.*

(A8702-01031; CA A47354)
(Cases consolidated)

777 P2d 997

Sandra Duffy, Assistant County Counsel, Portland, argued the cause for appellants. With her on the briefs was Laurence Kressel, County Counsel for Multnomah County, Oregon, Portland.

John R. Faust, Portland, argued the cause for respondent Care Ambulance Company, Inc. On the brief were Jill S. Gelineau, Donald Joe Willis and Schwabe, Williamson & Wyatt and Ridgway K. Foley, Jr., P.C., Portland.

Jeffrey M. Kilmer, Portland, argued the cause for respondent AA Ambulance Company, Inc. With him on the brief were Jeffrey S. Merrick and Allen, Kilmer, Schrader, Yazbeck & Chenoweth, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs in these consolidated declaratory judgment actions are providers of ambulance and emergency medical services. In December, 1986, Multnomah County's Emergency Medical Services Policy Board (EMSPB) adopted a plan, pursuant to ORS 823.180, that established a single ambulance service area (ASA) for the entire county and established a single provider service system. The provider was to be selected through a bid process, but no exclusive contract has been awarded.

Plaintiffs contend, *inter alia,* that the single ASA-single provider plan violates ORS 823.180, that EMSPB's action was an exercise of improperly delegated legislative authority from the Board of County Commissioners (Board) and that the plan violates a Portland City Charter prohibition against the granting of exclusive franchises. The trial court agreed with those contentions, concluded that it was unnecessary to reach plaintiffs' other bases for challenging the validity of the plan and entered judgments declaring the plan unlawful.[1] Defendants EMSPB, county, City of Portland and City of Gresham appeal, and we reverse.[2]

At the outset, defendants contend that the delegation of legislative authority issue is moot. Plaintiffs disagree, but they also contend that the other issues are moot. The Board created EMSPB through ordinance 229, which was enacted in 1980 and codified as MCC 6.31. MCC 6.31.037(F) empowered EMSPB to adopt the county's ambulance plan and establish ASAs. Plaintiffs argue that those actions are legislative in character and, under section 2.20 of the county charter, may only be taken by and cannot be delegated by the Board. In March, 1988, after the judgments in these cases were entered, the Board adopted ordinance 573, which gave the Board final authority over the adoption of ambulance plans, consigned EMSPB to an advisory role and ratified the previously-adopted EMSPB plan, with the proviso that the single ASA-

---

[1] The judgments meet the finality requirements of ORCP 67B, if they have to. They also provide for continuing jurisdiction under ORS 28.080.

[2] In addition to the county and EMSPB, the five cities that have territory in the county, and that have entered into intergovernmental agreements with the county relating to ambulance regulation, have been named defendants. EMSPB includes representatives from those cities.

single provider provision "shall take effect only if the judgments [in these cases] are reversed." In August, 1988, the Board adopted ordinance 589, which provided, as pertinent:

"During the pendency of the appeal referred to in subsection A., there shall be established two ambulance service areas as described in the plan adopted by Ordinance No. 589. Contracts for serving those areas shall be awarded as provided in the plan. However, upon expiration of those contracts, the two ambulance service areas shall be replaced by a contract for a single area/single provider if the judgements referred to in subsection A. have been reversed, or legislative changes are made that clarify the law so as to remove doubt about the legality of creating a single ambulance service area (ASA)."

Plaintiffs argue that ordinance 589 moots the issue of whether the single ASA is valid, because it creates two ASAs. Defendants argue that the "reversal or legislative change" reservation in ordinance 589 preserves the vitality of that issue but that the Board's assumption of final legislative authority and its ratification of EMSPB's plan moots the delegation of authority issue. Plaintiffs contend that ordinance 589 impliedly repeals ordinance 573 and thereby nullifies the ratification effected by ordinance 573 and restores the original delegation of authority to EMSPB under MCC 6.31 as it read before ordinance 573 was adopted.[3]

**1.** We agree with defendants in both respects. If the validity of the single ASA plan turned solely on the *county's* actions, the mootness question might be closer. However, the controversy between the parties involves the meaning and application of a state statute, ORS 823.180, which has not been altered during the course of the proceedings. *See* ORS 28.020. The county's ability to adopt a single ASA-single provider plan under the statute is not a moot issue, and the county has manifested its continuing intention to implement such a plan.

**2.** The improper delegation question is moot. Plaintiffs

---

[3] The court held in a related circuit court action (Care Ambulance Company, Inc. et al v. Multnomah County et al, Multnomah County Circuit Court No. A8809-05354, December 14, 1988) that "ordinance 573 is void and of no further effect." The county agreed in that case that ordinance 589 impliedly repealed ordinance 573. The parties dispute the meaning and significance of the circuit court's judgment but, under our view of the relevant legal principles, we need not resolve their disagreements.

are not correct in their understanding that the repeal of ordinance 573 revitalized the delegative provisions of MCC 6.31 that predated that ordinance. *See* ORS 174.080. Moreover, ordinance 589, which repealed ordinance 573, is an exercise *by the Board* of the legislative authority that MCC 6.31.037(F) purported to assign EMSPB. It is also a legislative action by the Board that supplants EMSPB's exercises of the authority.[4] We turn to the merits of the remaining issues.

ORS 823.180(1) provides:

"Each county shall develop a plan for the county or two or more contiguous counties may develop a plan relating to the need for and coordination of ambulance services and establish ambulance service area*s* consistent with the plan for the efficient and effective provision of ambulance services." (Emphasis supplied.)

The thrust of plaintiffs' argument is that the plural term "ambulance service areas" in the statute precludes the county from establishing only one ASA. Defendants assert the contrary and argue, *inter alia,* that "[t]he singular number may include the plural and the plural number, the singular." ORS 174.110(1). Defendants also contend that plaintiffs' interpretation would produce absurd results.[5]

**3.** ORS 823.180(1) requires that ASAs be consistent with county plans relating to the need for ambulance services and their coordination and that the ASAs facilitate the efficient and effective provision of ambulance services. The statute assigns planning and implementation responsibilities to

---

[4] Care Ambulance also argues that, "[i]f the [delegation] issue is moot, then of course the judgment below stands" as to that issue. Because we reverse the trial court on the other issues raised in the appeal and because the court did not resolve all of the grounds advanced by plaintiffs for invalidating the plan, our disposition entails a remand. The contents of the final judgment are for the trial court to determine initially.

[5] The parties advance a host of arguments to support their desired readings of the statute. We will not address all of the arguments specifically. The parties adduce some legislative history and base some contentions on it. We do not find the legislative history helpful. We also find no significance in the fact, relied on by plaintiffs and the trial court, that an amendment to ORS 823.180 proposed in 1985 was not enacted. There is some suggestion in plaintiffs' arguments that the statute should not be construed to allow reductions in competition or the selection of a single provider. Although we might agree that the statute would necessitate that there be multiple providers if it required that there be multiple ASAs, nothing in the statute regulates the number of providers that the county must allow independently of the number of ASAs that it purportedly must establish.

counties, and it emphasizes that those responsibilities are to be carried out in the light of local needs and conditions. ORS 823.180(3) empowers the State Health Division to modify county plans and ASAs but only "with the concurrence on the modifications from the county." Under ORS 823.180(4), the Health Division has authority to adopt rules of statewide application "to regulate and enforce the service areas," but the rules must "take into consideration the unique circumstances of local districts." Oregon's 36 counties range in population from less than 1500 to more than half a million and in area from less than 500 square miles to more than 10,000. It approaches the self-evident to say that a statutory requirement of *at least* two ASAs in *every* county would be at odds with the overriding objectives of giving local planners authority to establish ASAs to meet the varying needs and conditions that might affect the efficient and effective provision of ambulance services in different localities.

Plaintiffs' principal basis for discerning a multiple-ASA requirement in ORS 823.180(1) is that the legislature chose the plural word "areas." Had the legislature intended to require that every county establish more than one ASA, it could not have chosen a more oblique way to say so. In any event, we conclude that that was not its intent. We have noted before that plural words in legislation can mean simply "one or more," and that reading them as *requiring* "more than one" might be untenable in the light of the legislative purpose. *See Standard Insurance Company v. Washington County,* 93 Or App 78, 761 P2d 534 (1988), *pet for rev withdrawn* 307 Or 326 (1989). That is the case here. We conclude that ORS 823.180(1) allows the county to establish one county-wide ASA.

**4.** The remaining question is whether, as plaintiffs contend and the trial court held, the single ASA-single provider system is prohibited by section 10-206 of the Portland City Charter, which provides in pertinent part that "[n]o exclusive franchise shall be granted." Plaintiffs argue that, because the city has entered into an intergovernmental agreement with the county relating to ambulance regulation and because it participates in EMSPB, the city has "delegated" authority to the county to violate the charter provision. That argument misses the point. The city has nothing to delegate. Under ORS 823.180(1), the county is the only governmental body that has

the authority and the duty to perform the regulatory responsibilities that are in question here. Neither the intergovernmental agreement nor the city's representation on EMSPB alters the facts that EMSPB is a county agency and that the regulation of ambulances is a county function, governed by state law. The city charter is simply inapplicable.[6]

Reversed and remanded.

---

[6] Plaintiffs do not contend that ORS chapter 823 invades the city's home rule authority by establishing a statewide program of ambulance regulation or by assigning exclusive local regulatory responsibility to counties.

Given the basis for our conclusion, we do not address the parties' arguments about whether the single ASA-single provider plan would violate the charter provision if the charter were applicable.