Argued and submitted September 1, affirmed November 22, 1989, reconsideration denied January 5, petition for review denied March 6, 1990 (309 Or 441)

## KOLA TEPEE, INC., et al,
*Petitioners,*

*v.*

## MARION COUNTY,
*Respondent.*

(89-021; CA A61402)

782 P2d 955

M. Chapin Milbank, Salem, argued the cause and filed the brief for petitioners.

Jane Ellen Stonecipher, Assistant Legal Counsel, Salem, argued the cause for respondent. With her on the brief were Robert C. Cannon, Marion County Legal Counsel, and Daryl S. Garrettson, Assistant Legal Counsel, Salem.

Before Richardson, Presiding Judge, and Deits and Riggs, Judges.

DEITS, J.

## DEITS, J.

Petitioners seek review of LUBA's affirmance of Marion County's denial of their request for conditional use approval for a church facility on 331 acres of property designated Primary Agriculture in the Marion County Comprehensive Plan and zoned Exclusive Farm Use (EFU). County denied the application, and LUBA affirmed county's action. We affirm.

Petitioners argue that LUBA erred in concluding that county could apply its conditional use standards to a church facility to be located in an EFU zone. ORS 215.213(1) and (2) respectively specify uses in an EFU zone that counties may permit outright and those that may be subject to reasonable approval standards. It provides, in pertinent part:

"(1)  The following uses may be established in any area zoned for exclusive farm use:

"* * * * *

"(b)  Churches."

Petitioners contend that ORS 215.213[1] *requires* counties to allow churches as a use permitted outright in an EFU zone and, because county's EFU ordinance designates churches as conditional uses rather than as a use permitted outright, it is inconsistent with the statute. *See* Marion County Zoning Ordinance 136.020; 136.030.

We conclude that ORS 215.213 does not require counties to allow churches as a use permitted outright on land zoned EFU. Counties are not required to adopt EFU zones. However, when a county does designate land as EFU, "[l]ands within such zones shall be used exclusively for farm use except as otherwise provided in ORS 215.213 or 215.283." ORS 215.203. ORS 215.213 and ORS 215.283 specify the exceptions that a county may allow. We need not decide in this case whether counties must allow any of the permitted uses described in ORS 215.213 and ORS 215.283, other than

---

[1] ORS 215.283 is the more pertinent statute. After the adoption of the marginal lands legislation, counties that elect to designate marginal lands must apply ORS 215.213 to lands zoned EFU. ORS 215.288. Marion County has not elected to designate marginal lands. Nonetheless, the same standards are applicable to lands zoned EFU by the county under the provisions of ORS 215.283. Because the pertinent language of ORS 215.213 and ORS 215.283 is the same, the same analysis applies.

"churches." Some of those uses are more directly related to farming operations than churches, and the standards for allowing them are more fully articulated in the statutes, *e.g.,* primary dwellings "customarily provided in conjunction with farm use." ORS 215.213(1)(g), ORS 215.283(1)(f). In such instances, a legislative intent to establish a uniform statewide standard might arguably be inferred. However, churches are not directly related to farming operations, and no statutory standard is to be found in the designation of churches as a use that *may* be permitted outright. Indeed, a requirement that every proposed church-related use be allowed in every agricultural zone would be contrary to the use limitation and resource-preservation objectives of the statutes. Accordingly, we hold that counties are not required to allow churches as uses permitted outright in an EFU zone and that counties have the authority to impose more restrictive conditions on the use of land for churches in EFU zones.

Petitioners argue that the legislative history of the marginal lands legislation adopted in 1983 reveals a legislative understanding that the designation of churches as outright permitted uses in EFU zones in ORS 215.213 creates a right of landowners to use land in an EFU zone for that purpose. Petitioners base their argument on discussions that occurred in 1983 before a legislative committee considering an amendment to the marginal lands legislation that would have deleted churches as an outright permitted use. In the discussion, there was some indication from persons appearing before the committee and from legislators that the inclusion of churches in ORS 215.213(1) as uses that may be permitted outright gives landowners a right to establish such uses. Petitioners contend that that discussion and the subsequent legislative action in rejecting the amendment establishes a "clear legislative intent to make churches outright permitted uses in EFU zones and not merely conditional uses." We disagree.

■　The defeat of an amendment to existing law, even if it directly concerns a substantive aspect of a law, is of dubious value, if any at all, in determining legislative intent. *Care Ambulance Co., Inc. v. Multnomah County,* 97 Or App 618, 777 P2d 997 (1989). Further, the pertinent provisions of ORS 215.213(1) were originally adopted in 1963. Even if statements of legislators or persons testifying before the legislature concerning the interpretation of the provisions could be read as

supportive of petitioners' position, the statements are given no weight in interpreting a law adopted by a previous legislature. *DeFazio v. WPPSS,* 296 Or 550, 561, 679 P2d 1316 (1984). Accordingly, the legislative history is not helpful, and we conclude that LUBA did not err in affirming the denial of petitioners' request.[2]

Affirmed.

---

[2] In view of our disposition of the first assignment of error, it is unnecessary to address petitioners' second assignment.