Argued and submitted August 2, 1983, reversed and remanded August 21, 1984

## PACE CONSULTANTS, INC.,
*Petitioner on Review,*

*v.*

## ROBERTS et al,
*Respondents on Review.*

(TC 121463; CA A22747; SC 29609)

687 P2d 779

Susan E. Piper, Portland, argued the cause for petitioner on review. On the brief were David Markowitz and Barrie Jo Herbold, Portland, and Spears, Lubersky, Campbell & Bledsoe, Portland.

Richard Wasserman, Assistant Attorney General, Salem, argued the cause for respondents on review. With him on the brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

CARSON, J.

Roberts, J., filed a dissenting opinion in which Campbell, J., joined.

## CARSON, J.

In this case, we specifically are asked to decide whether the names and addresses of employers against whom unlawful employment practice complaints have been filed, and whose names and addresses were provided to defendants by complainants, not discovered through investigation, are "investigatory information relating to [a] complaint filed under ORS 659.040" and thus exempt from disclosure under Oregon's Public Records Act (ORS 192.410 - 192.500).[1] The question involves interpretation of the "investigatory information" exception (ORS 192.500(1)(h)) to the full disclosure requirements of the Public Records Act.

The following outline of procedure is drawn from the pertinent statutes and the trial stipulation of the parties: Defendants Mary Wendy Roberts, Commissioner of the Oregon Bureau of Labor and Industries, and the Oregon Bureau of Labor and Industries, Civil Rights Division, are responsible for administering and enforcing Oregon's unlawful employment practice laws. As part of their responsibilities, defendants accept written complaints from persons charging employers or former employers with unlawful employment practices. The complaint is taken by an Intake Officer who, on the basis of information obtained through an oral interview with a complainant, prepares the complaint, which the complainant then verifies. When the complaints are

---

[1] Plaintiff seeks disclosure of information contained both in complaints filed pursuant to ORS 659.040 (complaints alleging an unlawful employment practice) and in complaints filed pursuant to ORS 659.045 (complaints alleging discrimination in housing, public accomodations, and in private vocational, professional and trade schools). The parties, as well as the trial court in its order, have referred to the complaints filed under these statutes by the generic phrase of "civil rights" complaints. The use of this generic phrase to refer indiscriminately to either ORS 659.040 or 659.045 complaints is misleading because the interests protected by the statutes are not identical and do not necessarily involve "civil rights." For example, ORS 659.010(13) defines "unlawful employment practice" to include, among other things, a violation of ORS 654.062(5) which prohibits discrimination against any employee or prospective employee if that person has complained about unsafe or unhealthy work conditions. Because the protections provided by ORS 659.040 and 659.045 are not of the same nature, it is confusing to refer to the complaints filed under the different statutes by the same generic phrase.

The specific information requested by plaintiff, *i.e.*, the names and addresses of *employers* against whom complaints have been filed, is information which would be found only in complaints filed under ORS 659.040. We conclude, therefore, that the issue before us has as its basis complaints filed solely under ORS 659.040, and we read the trial court's order accordingly.

received, defendants transfer the names and addresses of the employers to ledger cards. Defendants use the ledger cards as a means to cross-reference complaints. The ledger cards also contain additional administrative information regarding the complaints. After notice to the employer that a complaint has been filed, defendant Commissioner may cause an investigation to be made. Plaintiff Pace Consultants, Inc., provides assistance to employers in matters involving personnel management and compliance with state and federal employment statutes.

Plaintiff sought disclosure of the names and addresses of employers against whom unlawful employment practice complaints were pending;[2] plaintiff did not seek disclosure of the ledger cards or the complaints themselves. Plaintiff did not contend that "the public interest" compelled the disclosure of the information it sought.

Defendants refused to disclose this information and plaintiff brought suit in Marion County Circuit Court pursuant to ORS 192.450 to compel disclosure. The trial court held that the requested material was "investigatory material" relating to a "civil rights" complaint filed under ORS ch 659 and was exempt from disclosure by virtue of ORS 192.500(1)(h). An equally divided Court of Appeals, sitting in banc, affirmed without opinion. *Pace Consultants, Inc. v. Roberts,* 62 Or App 663, 662 P2d 813 (1983). We reverse and hold that such information[3] is not exempt from disclosure solely by virtue of ORS 192.500(1)(h).[4]

---

[2] Because ORS 192.500(1)(h) applies by its terms only to pending complaints, *i.e.,* complaints which have not been resolved, which the Commissioner denotes as "open," our use of the word "complaint" in this opinion refers only to those complaints. Investigatory information relating to closed complaints is not exempt from disclosure.

[3] Although we couch our analysis in terms of the "information" sought by plaintiff, such "information," to be subject to disclosure under our analysis, must be embodied in writing. ORS 192.410(4) and (5).

[4] Certain information contained in a complaint filed with the Bureau of Labor which is subsequently transferred to the ledger cards might be exempt from disclosure under other provisions of ORS 192.500. For example, ORS 192.500(2)(g) exempts from disclosure "[a]ny public records or information the disclosure of which is prohibited by federal law or regulations." In addition, ORS 192.500(2)(h) lists a number of Oregon statutes which also exempt certain public records from disclosure. The information plaintiff seeks is not exempted from disclosure by either of these subsections.

ORS 192.500 provides:

"(1)   The following public records are exempt from disclosure under ORS 192.410 to 192.500 unless the public interest requires disclosure in the particular instance:

"* * * * *

"(h)   Investigatory information relating to any complaint filed under ORS 659.040 or 659.045, until such time as the complaint is resolved under ORS 659.050, or a final administrative determination is made under ORS 659.060;

"* * * * *"

■     Although the starting point of any inquiry into the meaning of a statute must be the language of the statute itself, that language should not be read in isolation. Often the context of a statute gives shape and meaning to the words chosen by the legislature. In this case, the Oregon Public Records Act, ORS 192.410 *et seq.*, its legislative history, and the Oregon unlawful employment practice law, ORS 659.010 *et seq.*, comprise the relevant legislative context.

■     Turning first to the Oregon Public Records Act, we note that the Act manifests a strong policy favoring the disclosure of public records. "Every person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided by ORS 192.500."[5] ORS 192.420. The right to inspect public records has been broadly construed (*see MacEwan v. Holm,* 226 Or 27, 359 P2d 413 (1961)); the exemptions from disclosure are narrowly construed.

Plaintiff contends that the ordinary meaning[6] of the phrase "investigatory information" refers to information which is discovered by investigation, *i.e.,* information discovered through a "careful search." Under this reading of the exemption, a reading based on a dictionary definition of the

---

If a public record contains information which is exempt from disclosure, as well as non-exempt information, the public body must separate the exempt from non-exempt information and disclose the latter. ORS 192.500(3).

[5] Public records include "any writing containing information relating to the conduct of the public's business, prepared, owned, used or retained by a public body regardless of physical form or characteristics." ORS 192.410(4). The parties have stipulated that the ledger cards in question are public records and we agree.

[6] Although plaintifff actually uses the phrase "plain meaning," we prefer to use the phrase "ordinary meaning" for the reasons stated in *State ex rel Cox v. Wilson,* 277 Or 747, 752 n 1, 562 P2d 172 (1977).

8

word "investigate," "investigatory information" would not include an employer's name and address because that information is provided directly by the complainant; the information is not discovered by an investigation or careful search by defendants. Plaintiff's reading of the statute is supported by what the statute does *not* say. The statute does not exempt from disclosure the complaint itself or investigatory information contained *in* the complaint. Only investigatory information *relating to* the complaint is exempt from disclosure.[7] The ordinary meaning of the phrase "relating to" suggests a distinction between the investigatory information and the complaint itself.[8]

The correctness of plaintiff's interpretation is confirmed when ORS 192.500(1)(h) is read in conjunction with the unlawful employment practice law. Because ORS 192.500(1)(h) was enacted some years after ORS 659.040 and specifically refers to the latter, we may properly assume that the legislature had the particular provisions and wording of the unlawful employment practice law in mind when it enacted ORS 192.500(1)(h). *See, e.g., Seale v. McKennon,* 215 Or 562, 575, 336 P2d 340 (1959). Thus, the correctness of plaintiff's "ordinary meaning" interpretation of the phrase "investigatory information relating to any complaint" can be

---

[7] The other exemptions contained in ORS 192.500 do not help resolve the issue presented in this case. For example, ORS 192.500(1)(c), which exempts from disclosure "[i]nvestigatory information compiled for criminal law purposes," specifically does not exempt from disclosure "the record of an arrest" which includes "[t]he arrested person's name, age, residence, employment, marital status and similar biographical information; * * *."

ORS 192.500(1)(g), on the other hand, specifically exempts from disclosure the "names and signatures of employees who sign authorization cards or petitions for the purpose of requesting representation or decertification elections * * *."

From these examples we simply conclude that the legislature could, when it chose to, specifically exempt or not exempt from disclosure information similar to that which plaintiff presently seeks. The legislature did neither in ORS 192.500(1)(h).

[8] The manner in which the Bureau of Labor is organized reflects a clear distinction between the complaint process and the subsequent investigatory process. We find illuminating the fact that the intake function is organizationally distinct from the Investigative Unit. This organizational differentiation reinforces our conclusion that the information plaintiff seeks is not exempt from disclosure.

We do not suggest that our conclusion is based upon the names defendants give their various units. We advert to this fact as further evidence of the common understanding of the difference between information contained in a complaint and information which is discovered as the result of an investigation. Defendants' organizational structure mirrors this distinction.

tested by examining how the legislature used similar language in ORS ch 659.

The unlawful employment practice law creates substantive rights for those aggrieved by an unlawful employment practice; it also establishes a complaint and investigation process for defendants to follow in responding to complaints brought under the law. The language used in ORS ch 659 to describe the complaint and investigation process is similar to the language used in ORS 192.500(1)(h) to describe what information is exempt from disclosure.

The complaint and investigation process found in ORS ch 659 involves two distinct steps. First, a complainant files a written document with the Commissioner outlining the details of the allegedly unlawful employment practice. The written document is the "complaint." ORS 659.040. After receiving and notifying the employer of the complaint, the Commissioner may then conduct an investigation of its allegations. Defendants can investigate allegations of an unlawful employment practice only after a verified complaint has been filed. ORS 659.050.

The procedures outlined in ORS 659.040 and 659.050 draw a bright-line distinction between the filing of a complaint and the resulting investigation process.

The language used in ORS 192.500(1)(h) mirrors the distinction between the complaint process and the investigation process of ORS 650.040 and 659.050. Exempted from disclosure is the "investigatory information relating to" a complaint which has been filed with the Commissioner. The phrases "investigation * * * in connection" with a complaint found in ORS 659.050, and "investigatory information relating to" a complaint present in ORS 192.500(1)(h) are synonymous. The wording of both statutes indicates that the complaint is distinct from any resulting investigation and, thus, the information contained in the complaint is distinct from any information which might be discovered in a subsequent investigation. The complaint is the mechanism which activates the investigation phase of the process: the filing of a complaint is a condition precedent to an investigation.

Because the legislatively-mandated complaint and investigation procedures of ORS ch 659 were in effect when

the legislature enacted ORS 192.500(1)(h), and because ORS 192.500(1)(h) specifically refers to the complaint and investigation process, we assume that the legislature carefully chose the language of ORS 192.500(1)(h) to reflect the distinction between the procedures.[9]

That defendants transfer information from the complaint to the ledger cards after the complaint has been received by the Intake Officer does not exempt the ledger cards from disclosure under this analysis. The act of copying information from the complaint to the ledger cards is clerical; it is not investigatory. To the extent that the ledger cards contain information not discovered through investigation, no matter when that information is entered on the ledger card, that information must also be disclosed.

Defendants urge, both at trial and on appeal, that the exemptions in ORS 192.500 must be read in the context of the purpose they were intended to serve, and that the policies behind the exemption follow from, and should be read in light of, the policies of ORS ch 659.

The purposes and policies of ORS 659.010 - 659.110 are enumerated, in part, in ORS 659.022.

"The purpose of ORS 659.010 to 659.110 and 659.400 to 659.435 is to encourage the fullest utilization of available manpower by removing arbitrary standards of race, religion, color, sex, marital status, national origin or age as a barrier to employment of the inhabitants of this state; to insure human dignity of all people within this state, and protect their health,

---

[9] There is little in the legislative history of ORS 192.500(1)(h) that is directly helpful to the resolution of this matter. What evidence there is supports our conclusion that the purpose of this exemption was to prevent the Department of Labor from having to divulge the records of its investigations of unlawful employment practice complaints, not the names and addresses of employers against whom the complaints had been filed. In a letter to the Joint Special Committee on Professional Responsibility, Norman O. Nilsen, then Commissioner of Labor wrote:

"We believe that any agency which has law enforcement duties should be able to keep its investigatory information confidential. Otherwise we see ourselves facing the prospect of respondents on our doorstep seeking our records on the case (and we would have no reciprocal right to their files). Therefore, we believe that all law enforcement agencies' records should be exempt at the investigative stage." Letter of Norman O. Nilsen to Sen. Jack D. Ripper (June 11, 1973).

There is no suggestion in its legislative history that ORS 192.500(1)(h) was meant to make the names and addresses of employers confidential.

safety and morals from the consequences of intergroup hostility, tensions, and practices of discrimination of any kind based on race, religion, color, sex, marital status or national origin * * *."

To accomplish this goal, the Commissioner is urged to resolve unlawful employment practice complaints through the informal process of "conference, conciliation and persuasion" whenever possible. ORS 659.050(1).

Defendants contend that the Commissioner's effectiveness in resolving those complaints through the process of conference, conciliation and persuasion will be jeopardized if the names and addresses of employers against whom unlawful employment practice complaints have been filed are not exempted from disclosure.

While it is possible that such publicity might interfere with the Commissioner's effectiveness, we believe that any potential conflict between the policy of conference, conciliation and persuasion and the policy of full disclosure of the Public Records Act must be resolved in favor of the latter. The announced legislative policy of full disclosure which underlies the Public Records Act is clear. The only exemptions to disclosure are those which are expressly found in ORS 192.500. Our analysis of the wording of ORS 192.500(1)(h) shows that the exemption for which defendants argue is not found in the Public Records Act.[10]

Defendants also contend that in interpreting ORS 192.500(1)(h) we should be guided by its federal analogue, 42 USC § 2000e-5(b), which provides in part:

"Whenever a charge is filed by or on behalf of a person claiming to be aggrieved * * * alleging that an employer * * * has engaged in an unlawful employment practice, the Commission shall serve notice of the charge (including the date,

---

[10] As noted by the parties during oral argument, the 1981 Oregon Legislative Assembly had the opportunity to resolve this issue, but declined to do so. At the request of Commissioner Roberts, a bill (SB 216) was introduced in the 1981 Legislature which would have amended ORS 192.500(1)(h) by deleting "investigatory" and making confidential "[a]ll information relating to any complaint filed under ORS 659.040 or 659.045, including the names of the parties and the filing of the complaint itself. * * *" By requesting the introduction of this bill, Commissioner Roberts indicated that she was cognizant of the distinction between filing a complaint and investigating it. The bill was tabled by the Senate Justice Committee in April, 1981.

place and circumstances of the alleged unlawful employment practice) on such employer * * * within ten days. Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires. Charges shall not be made public by the Commission. * * *"

We find little here that is of any help to defendants. While it is true that there are significant parallels in the complaint processes of ORS 659.040 and 42 USC § 2000e-5(b), the differences between the statutes reinforce our conclusion that the information sought by plaintiff is not exempt from disclosure. 42 USC § 2000e-5(b) expressly prohibits the disclosure of the "charge" filed in an employment discrimination case. The interpretation problem presented to us in this case simply would not arise under the federal statute because Congress explicitly exempted the charge from disclosure. No such explicit exemption is present in the Oregon statute, and ORS 192.420 prohibits us from judicially engrafting such an exemption onto the Public Records Act.[11]

■ We thus hold that the names and addresses of employers against whom unlawful employment practice complaints are pending, whether contained in a complaint or on a ledger card, are not exempted from disclosure by ORS 192.500(1)(h).

This case is reversed and remanded to the trial court for a determination of plaintiff's costs, disbursements and reasonable attorney fees. ORS 192.490(3).

---

[11] From the Statement of Agreed Facts contained in the Trial Stipulation in this case, we note:

"* * * * *

"7. Defendant Bureau is a '706 agency' under the Civil Rights Act of 1964 as amended, 42 USC 2000e-5(c).

"8. Defendant Bureau is a party to a work sharing agreement with the federal Equal Employment Opportunity Commission (hereinafter 'EEOC'). Under the terms of the work sharing agreement, the Seattle Regional Office of the EEOC acts as a complaint receiving office for the defendant. As a result, in some cases, *first notice* of a complaint is received by defendant from EEOC. This occurs in no more than approximately 5% of the cases filed under state law. Plaintiff is not now seeking access to names and addresses of employers in cases of which first notice is received by defendant Bureau from EEOC.

"* * * * *" (Emphasis in original.)

*Cf.* ORS 192.500(2)(g).

**ROBERTS, J.,** dissenting.

I dissent. In an attempt to advance the "full disclosure policy of the Public Records Act," 297 Or at 590, the majority defines the phrase "investigatory information" exclusively of whatever information may be contained in the complaint. I do not read the exemption so narrowly. It is significant both that the legislature singled out claims of unlawful employment practices for protection from disclosure and that nondisclosure under this particular exemption is temporary, not permanent, ORS 192.500(1)(h). I am persuaded that, by means of this exemption, the legislature sought to protect the integrity of the Commissioner's conciliation and settlement process, while at the same time ensuring disclosure as soon as that process would not be threatened.

An unlawful employment practice complaint includes the names of the parties as well as the details of the claimed unlawful employment practice. Under the majority's analysis all of this must be disclosed upon request. The Commissioner argues forcefully that her effectiveness in enforcing the employment laws will be reduced because premature publicity could cause an employer to avoid conciliation and settlement for fear of appearing to admit culpability. The majority holds that information an investigation may later uncover is exempted. However, this shield may come too late. Disclosure of the complaint may already have impeded the goal the exemption was designed to serve.

Campbell, J., joins in this dissent.