Argued and submitted May 3, the decision of the Court of Appeals affirming the
judgment of the circuit court affirmed October 26, 1989

JORDAN,

*Petitioner on Review,*

*v.*

MOTOR VEHICLES DIVISION,

*Respondent on Review.*

(TC 86C-12207; CA A43742; SC S35844)

781 P2d 1203

Lawrence Wm. Jordan, Salem, argued the cause and filed the petition *pro se,* for petitioner on review.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the response were Virginia L. Linder, Solicitor General, and Dave Frohnmayer, Attorney General, Salem.

Henry Drummonds, Portland, filed a brief on behalf of *amici curiae* Oregon Education Association and Oregon AFL-CIO.

FADELEY, J.

## FADELEY, J.

At issue is an exemption to disclosure in Oregon's public records statutes. ORS 192.410 to 192.505. The statutes provide for disclosure as the general rule but grant an exemption for "information of a personal nature * * * if the public disclosure thereof would constitute an unreasonable invasion of privacy * * *." ORS 192.502(2).[1] Relying on that exemption, the Motor Vehicles Division (MVD) refused to disclose to Lawrence Wm. Jordan an individual's residence address contained in its records. The Attorney General, circuit court, and Court of Appeals upheld MVD's refusal. *Jordan v. MVD,* 93 Or App 651, 763 P2d 420 (1988). Jordan seeks review, claiming as a matter of law that an individual residence address in an Oregon public record is never exempt from disclosure. Because the trial court's finding that disclosure would constitute an unreasonable invasion of privacy is correct, under the facts of this case, and because the individual residence address is information of a personal nature, we affirm.

The individual (Citizen), whose address Jordan seeks, wrote to MVD, asking that it not disclose her address or phone number to anyone, especially not "an individual from the Salem community * * * [who] has monitored my activities by following me from my home * * * [and whose] pursuits are unwelcome." MVD refused Jordan's later request for the address, citing the ORS 192.502(2) exemption. Jordan petitioned the Oregon Attorney General to order disclosure under ORS 192.450(1), which provides a fast-track review of an agency's refusal to disclose. The Attorney General sided with MVD.[2]

---

[1] ORS 192.502(2) provides that the following is exempt from disclosure under ORS 192.410 to 192.505:

"Information of a personal nature such as but not limited to that kept in a personal, medical or similar file, if the public disclosure thereof would constitute an unreasonable invasion of privacy, unless the public interest by clear and convincing evidence requires disclosure in the particular instance. The party seeking disclosure shall have the burden of showing that public disclosure would not constitute an unreasonable invasion of privacy[.]" (Formerly codified as ORS 192.500(2)(b).)

[2] The Attorney General's letter-order sustained the agency's denial on the ground that the "individual * * * does treat her address as confidential. She has, for example, not listed her name, address and telephone number in the telephone directory." The order did not discuss the unreasonable-invasion-of-privacy requirement which we construe as a necessary element that must be present before an exemption from the general rule of disclosure is permitted. However, the trial upon a complaint of unjustifiable denial of a disclosure request is *de novo* in circuit court. ORS 192.490(1). It is the action of that court, affirmed by the Court of Appeals, which we review.

Jordan then instituted proceedings in circuit court under ORS 192.450(2). The circuit court disposed of the case on cross-motions for summary judgment. Citizen submitted through MVD an extensive affidavit, stating that she was a former friend of Jordan. Citizen swore that, in attempting to avoid Jordan, she established an unlisted phone number, obtained a post office box for use as an address, placed utility services in the names of housemates, rescheduled her day-to-day activities including religious and recreational ones, and caused a private attorney to write Jordan asking him to refrain from following her. Jordan did not submit any factual material to contradict Citizen's affidavit or to support his request, but rather claimed an absolute legal right to obtain the address record.

The circuit court granted MVD's motion for summary judgment under ORS 192.450(2), finding that MVD had proved that the information is personal in nature, that disclosure of the address would result in an unreasonable invasion of Citizen's privacy, and that the public interest did not require disclosure. In addition, the circuit court found that Jordan had not sustained his burden of proving that disclosure would not constitute an unreasonable invasion of privacy or that the public interest required disclosure. The Court of Appeals affirmed the decision of the circuit court.

Jordan bases his claim of an unqualified legal right to inspect the address records of MVD on ORS 192.420, which states: "Every person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided by ORS 192.501 to 192.505." MVD relies upon ORS 192.502(2), which exempts "information of a personal nature * * * if the public disclosure thereof would constitute an unreasonable invasion of privacy * * *." Before considering the controlling and statutorily linked issues of whether the address is "of a personal nature" and whether its disclosure will unreasonably invade privacy, we review the statutory scheme, our prior decisions concerning disclosure of public records, and some uses of MVD records.

## LEGISLATIVE HISTORY

The exemption is set in a statutory context designed to enforce disclosure of public affairs. ORS 192.410 to 192.505 (Public Records); ORS 192.610 to 192.690 (Public Meetings). In the realm of records, ORS 192.420 grants every one a "* * *

right to inspect any public record * * * except as otherwise expressly provided * * *." by statutory exemption. This right is not a new one. The Oregon Legislative Assembly on October 11, 1862, established the right, passing the following law: "Every citizen of this state has a right to inspect any public writing of this state, except as otherwise expressly provided by this code or some other statute." General Laws of Oregon, ch 8, § 707, p 326 (Civ Code) (Deady 1845-1864). In Or Laws 1909, chapter 98, however, the legislature limited the opportunity to persons having occasion to inspect the records "for any lawful purpose." Fifty-two years later, the legislature again broadened the availability of public records by deleting this limitation. Or Laws 1961, ch 160, § 4.

Between 1909 and 1973, various exceptions from inspection were adopted by statute, but the general rule mandating disclosure of public records remained, after 1961, otherwise intact. In 1973, the legislature produced and adopted a general revision of the records law. Or Laws 1973, ch 794.

The revision continued the general rule mandating disclosure of public records unless an exemption expressly applies. The 1973 revision adopted the exemption which we are called on to interpret in this case.

Throughout legislative consideration the exemption required an unreasonable invasion of privacy as a necessary condition for exempting information of a personal nature from the disclosure mandate. Amendments in committee emphasized this requirement by adding a repetition of it and by assigning burdens of proof for efforts to overcome it to obtain disclosure notwithstanding an initial showing that disclosure would constitute an unreasonable invasion of privacy. This unreasonable invasion requirement is similar in language to that in a Washington initiative measure which became effective January 1, 1973, and which guarded against an "unreasonable invasion of *personal* privacy," but was otherwise unique to Oregon.[3] (Emphasis added.)

---

[3] Washington Laws 1973, chapter 1, section 26(1), provides:

"Each agency, in accordance with published rules, shall make available for public inspection and copying all public records. To the extent required *to prevent an unreasonable invasion of personal privacy,* an agency shall delete identifying details when it makes available or publishes any public record; however, in each case, the justification for the deletion shall be explained fully in writing."

## OUR DECISIONS

Our decisions reflect the preference for a policy of governmental openness in Oregon. *MacEwan v. Holm et al,* 226 Or 27, 359 P2d 413 (1961), states the strong and enduring policy that public records and governmental activities be open to the public. The plaintiff in *MacEwan* sought disclosure of records of the Oregon State Board of Health concerning exposure of Oregonians to radiation. The court held:

> "We are of the opinion that the public interest will best be served by giving the term 'records and files' a broad construction embracing all writings in the custody of public officers, rendering such writings subject to inspection unless there are circumstances justifying nondisclosure." 226 Or at 48.

*Ayers v. Lee Enterprises Inc.,* 277 Or 527, 533-34, 561 P2d 998 (1977), involved a tort claim for invasion of privacy by printing the address of a victim who reported a rape to police. We held that, where a rape report was made to the police which included the address of the victim, the police report was a public record and publication of the address was not a tortious invasion of privacy. 277 Or at 533-37.

In *Pace Consultants v. Roberts,* 297 Or 590, 687 P2d 779 (1984), this court held that the investigatory information exemption to the public records act, now found in ORS 192.501(8), did not exempt from disclosure the name and address of a person against whom a complaint of unfair employment practice was filed with the Oregon Labor Commissioner. The court distinguished between the complaint, which was not expressly declared exempt, and the investigatory material, which was, and applied the general rule to mandate disclosure of the complaint's contents. 297 Or at 595, 597. A public interest argument favoring nondisclosure was presented but the countervailing public interest in permitting inspection was sustained by the court. 297 Or at 598; *see also Sadler v. Oregon State Bar,* 275 Or 279, 284, 550 P2d 1218 (1976) (involving the "information submitted to a public agency in confidence" exemption from disclosure now in ORS

---

(Emphasis added.)

The federal Freedom of Information Act adopted several years before the Washington initiative differs from Oregon's statute in that the federal statute exempts disclosure which would constitute a "clearly unwarranted invasion of personal privacy." 5 USC § 552(3)(6).

192.502(3)). In the process of extending case decisions to a new question, we keep in mind that it is an exception we are expounding, not the general rule.

## USES OF ADDRESSES

The "information of a personal nature" exemption relates to a "public record," which is defined in ORS 192.410(4):

" 'Public record' includes any writing containing information relating to the conduct of the public's business, prepared, owned, used or retained by a public body regardless of physical form or characteristics."

MVD records contain addresses of over two million Oregon citizens who have applied for driver's licenses or vehicle titles.[4] MVD requires individual details of address, age, and weight as a condition of obtaining a license to drive a motor vehicle in Oregon, ORS 807.050, and an address for a vehicle registration or title certificate. After receiving a driver's license or vehicle registration, a citizen has a legal duty to advise MVD of address changes. ORS 803.220, 807.560.

The uses of the address of a licensed driver, or of a vehicle owner, in "the conduct of the public's business" are for the public convenience relating to drivers and owners (ORS 803.370); for financing (ORS 803.050) and insurance interests (ORS 806.060(2)(a)) arising out of the use of a motor vehicle; for licensing agency operations; and for public safety aspects of governmental activity. ORS 802.220(1) and (2). ORCP 7D(4)(a) provides for service of process, through serving MVD, on any defendant, other than a foreign corporation maintaining a registered agent in Oregon, in any action arising out of the operation of a motor vehicle on the roads, highways, or streets of this state. MVD also raises some revenue by disclosing the information, sometimes in bulk,[5] for a fee. ORS 802.230 permits MVD to make charges for services; OAR 735-10-030, an agency rule, permits sale in bulk.

---

[4] In 1987, Oregon recorded 2,143,728 licensed drivers and 2,183,172 passenger vehicles registered. Oregon Bluebook 121 (1989-1990).

[5] *See* Or Laws 1989, ch 396, permitting licensees to request that their addresses "be excluded from any lists compiled and sold or otherwise supplied by the division for direct mail advertising purposes."

## ANALYSIS

The exemption states some examples of what may be "information of a personal nature" and disclaims that those examples are comprehensive. The subsection contains no general definition of the terms "information of a personal nature" or "unreasonable invasion of privacy." The agency initially and the courts ultimately, therefore, determine whether information in a public record is exempt from disclosure by application of these statutory words to a particular request.[6]

■ This exemption statute requires answers to three questions — whether the information is of a personal nature, whether disclosure unreasonably invades privacy, and whether the public interest nonetheless requires disclosure. The first and second questions must be answered affirmatively as a threshold matter in order to make relevant the remaining question which serves to limit further the exemption. A showing that making disclosure as requested will unreasonably invade privacy is necessary before information of a personal nature comes within the exemption. But even then a public interest may require disclosure in the particular instance.

■ The statute assigns burdens of proof. The public body or agency withholding a record nonetheless has a general burden "to sustain its actions." ORS 192.490(1). Once the requisite invasion of privacy is shown, clear and convincing evidence must show that the public interest requires disclosure to overcome the exemption.

### 1. Of a Personal Nature

■ The Court of Appeals has adopted the view that

---

[6] ORS 192.490(1) provides in part:

"The Court shall determine the matter de novo and the burden is on the public body to sustain its action."

In *MacEwan v. Holm et al,* 226 Or 27, 46, 359 P2d 413 (1971), this court stated:

"Ultimately, of course, it is for the courts to decide whether the explanation is reasonable and to weigh the benefits accruing to the agency from nondisclosure against the harm which may result to the public if such records are not made available for inspection."

*MacEwan* was decided before the enactment of Oregon Laws 1961, chapter 160 section 4, which deleted the "lawful purpose" requirement. In any event, the facts of this case do not impact the principle of governmental openness.

information that "normally would not be shared with strangers" is information of a personal nature. *Morrison v. School District No. 48,* 53 Or App 148, 154-55, 631 P2d 784, *rev den* 291 Or 893 (1981). Home addresses, like one's age, weight, and residential telephone number, are always personal in the sense of being individual information. We are not writing here about a person's right of privacy, but simply the generic definition of what is or is not personal information. Webster's Third New International Dictionary, at 1686 (Unabridged 1971), defines "personal" as meaning "1: of or relating to a particular person: affecting one individual or each of many individuals: peculiar or proper to private concerns: not public or general * * * (*personal* baggage): * * * 6: exclusively for a given individual (a *personal* letter) * * *."

An address filed with MVD is information that MVD could determine is of a personal nature within the meaning of the exemption statute. It is information specific to one individual even though it is in a public record containing over two million such addresses. The purpose of the exemption is not to prevent disclosure of personal information, as such, but rather to protect privacy from unreasonable invasion. To reason that an individual's address is not and cannot be personal information because it is in the public record would both thwart the legislative purpose of protecting an individual whose personal information is otherwise subject to disclosure from *unreasonable* invasion and ignore some of the words of the statute creating the exemption, contrary to statutory guides for interpreting legislation. ORS 174.010. Additionally, the statutory reference to "information of a personal nature" refers to information in a public record. The legislature must have contemplated that placing information in a public record would not prevent it from being of a personal nature if it otherwise would fit that classification.

### 2. Unreasonable Invasion

A determination that the information is of a personal nature does not end our inquiry (nor that of an agency dealing with a request for record inspection). That the information would not be shared with strangers is not enough to avoid disclosure. The statute permits exemption of personal information records only "if the public *disclosure* thereof would constitute an unreasonable invasion of privacy * * *."

(Emphasis added.) The legislative linkage of the two elements, personal information and unreasonable invasion, results in an objective test — whether disclosure will constitute an unreasonable invasion of privacy — which controls disclosure decisions, and the disposition of this case.

The legislature did not define "unreasonable invasion of privacy." We understand that the legislature intended to use those terms in their common meaning as a generic description. The legislature would find it difficult if not impossible to specifically enact terms defining what would be an unreasonable invasion of privacy under particular circumstances involving a particular person or record.[7] The legislature did not attempt to do so but instead chose the generic term "unreasonable invasion of privacy" to limit the exemption.

■    Therefore, under the statute, if the information is established to be of a "personal nature," and the agency holding the records is shown that *disclosure* would constitute an "unreasonable invasion of privacy," the exemption applies and may only be erased in favor of disclosure if clear and convincing evidence of the public interest in disclosure of the record is produced or if the showing of unreasonable invasion is overcome.

The statutory tests for the exemption from inspection are met in the record and rulings of the circuit court in this case. The subject of the record, a residence address, is personal information, and the individual gave prior notice to MVD in writing of the reasons why disclosure would affect her privacy. Her affidavit filed in the trial court sufficiently established that disclosure to the requester would more likely than not unreasonably invade her privacy because providing the information would allow Jordan to harry her incessantly to the extent that an ordinary reasonable person would deem highly offensive.[8] Both requirements for threshold entitle-

---

[7] For a wide range of settings in which privacy interests may arise and be invaded, see Fried, *Privacy,* 77 Yale L J 475 (1968) (note especially pages 483, 488 and 493); Bloustein, *Privacy as an Aspect of Human Dignity: An Answer to Dean Prosser,* 39 NYU L Rev 962 (1964).

[8] Jordan continues to pursue Citizen's residence address in the courts. He sought to compel disclosure of her address through mandamus after his public records request was denied. *See Jordan v. MVD,* 98 Or App 511, 779 P2d 217 (1989).

ment to the exemption are thus established and MVD is justified in relying upon ORS 192.502(2) and refusing disclosure until a showing is made either involving a public interest or that the disclosure would not constitute an unreasonable invasion of privacy.[9]

Jordan, the "party seeking disclosure," has done nothing to meet his burden of proof to overcome the entitlement to the exemption which has been established. He does not attempt to prove that any "* * * public interest by clear and convincing evidence requires disclosure * * *." ORS 192.502(2). We see no substitute suggestion of an overriding public interest in disclosure since none of the uses of MVD records, canvassed above, appear to be involved here. Jordan offers nothing to prove that the invasion of privacy by disclosure for his personal use is especially in the public interest or other than unreasonable. Our review of the record indicates that the relevant findings and conclusions of the circuit court are correct. Therefore, Citizen is entitled to the protection of the exemption in ORS 192.502(2).

The decision of the Court of Appeals affirming the judgment of the circuit court is affirmed.

**GILLETTE, J.,** concurring.

I join in the majority opinion. I write this brief separate opinion to highlight a point perhaps not fully explained in the lead opinion.

The only real debate in this case centers on the meaning of this phrase in ORS 192.502(2): "public disclosure [of information of a personal nature, in this case Citizen's address] would constitute an unreasonable invasion of privacy." The dissent reads this language to apply only to those

---

[9] The statute construed in this opinion mentions "unreasonable invasion" twice in two separate sentences. Both must be given meaning. ORS 174.010. The first mention, in the first sentence of ORS 192.502(2), requires that the individual whose information of a personal nature is a part of the public record must show to the agency that disclosure would constitute an unreasonable invasion of privacy in order to claim entitlement to this statutory exemption. Because a public agency always has the burden of sustaining applicability of an exemption to avoid disclosure, ORS 192.450(1), 192.490(1), when its decision to exempt is questioned, the agency must be given a sufficient basis for finding that both parts of the threshold for entitlement are met. The second mention, a completely new sentence added by amendment in committee, permits the requester to attempt to overcome that showing and assigns requester the burden of proof at that point.

cases (if any can be imagined) in which a particular agency's act of disclosure itself, without more, "constitutes" the invasion of privacy. This is a permissible reading of the statutory language, but a very grudging and ungenerous one.

The opinion of the court, somewhat *sub silentio,* takes a broader view, which I wish to specifically identify and endorse: a disclosure "constitutes" an unreasonable invasion of privacy if the agency's act of releasing the information, *or the acts of those to whom the information is released,* are reasonably anticipated by the agency to lead to such an invasion of privacy. Thus, in this case, the agency could reasonably anticipate that, should it release the sought-after information to Jordan, that person would immediately and unreasonably invade the privacy of Citizen.

There are two limitations inherent in the rule the majority announces that keep the rule a minor, legislatively-authorized modification of the general policy of public disclosure. The first arises out of the statutory scheme itself: Although the agency is *permitted* by the statute to refuse to disclose information of this kind under these circumstances, it is not *required* to keep such information confidential. The language of ORS 192.502(2) is permissive, not mandatory. If the administrative inconvenience involved in setting up agency records so the agency can honor requests for protection of privacy like that in this case is too great, the agency can simply decline to honor the request. Thus, and contrary to anything implied by the dissent, the extent to which the rule we announce today will create administrative inconvenience will be entirely up to the agency. We impose no requirement on any agency by our decision.

The second limitation involves the kind of information that might justify an agency decision to keep certain information confidential. As I believe this case makes clear, that information is normally going to need to be very specific in order to justify exemption. A general desire "to be let alone" — a desire with which all of us can sympathize from time to time — will not be sufficient. The exact extent of information that may satisfy an agency will, of course, be for the agency to decide. But no agency will wish to be involved in the effort and expense of challenges to its exemption decisions like the challenge in this case. Agencies therefore can be expected to be

exacting in their insistence on clear justification for any requested exemption, if the agency chooses to grant such exemptions at all.

I concur.

**LINDE, J.,** dissenting.

I regret that the court lets the unusual and appealing facts of its first case under the "privacy exemption" from the Public Records Act lead it to give the exemption an erroneous and unworkable interpretation.

This is not a case at common law, where a court may choose to pick its way empirically from instance to instance while waiting for some principle to emerge. The Public Records Act, with its exemptions, is a statute. Its meaning in future circumstances likely will be fixed and must be considered in deciding the first case, unusual or not. Moreover, the act is not a statute to be applied by courts in a limited number of lawsuits but one to be administered by hundreds of state and local agencies with respect to millions of entries in documents of all kinds. This administrative character of the Public Records Act is essential to its correct interpretation. It contradicts an interpretation that needlessly exposes large categories of records to individual requests for exemptions for disclosure under disputable factual circumstances, as today's decision does. I therefore dissent from this decision.

## I.

The disputed provision, ORS 192.502(2), allows an agency to withhold what otherwise must be disclosed as a public record "if the public disclosure thereof would constitute an unreasonable invasion of privacy." The Motor Vehicle Division's (MVD's) refusal to disclose the address of a licensed driver is not authorized by this exemption.

To fit within the exemption stated in ORS 192.502(2), the withheld information in a public record must meet four tests:

(1) It must be "information of a personal nature."

(2) Public disclosure of the information must constitute an "invasion of privacy."

(3) The invasion of privacy must be "unreasonable."

(4) There must be no public interest that nevertheless requires disclosure in the particular instance.

This statute must be administered by all public agencies with respect to all public records not otherwise exempt from disclosure. It therefore is important to analyze generally how the exemption is to be administered before applying the statute to the facts in this case.

The statute calls for some categorical determinations and some determinations that an agency may leave to individual circumstances.

1. The first test describes a category of information. Whether information is "of a personal nature" does not depend on how either a particular person or an abstract "ordinary reasonable person" feels about the information. The scope of the category is to be sought in the legislation, not in individual or social facts.[1] I agree with the majority that the Court of Appeals misconstrued this element. "Personal" information does not mean "confidential" or "private" information. The first element of the exemption is the same for all agencies if they keep records concerning individuals.

2. The second test is more debatable. It is whether the information is of such a nature that its public disclosure would constitute an invasion of privacy. I understand this to mean that the *public disclosure* must *be* (must "constitute," not "facilitate") an invasion of privacy, in the form of unwanted publicity.[2] "Constitute," in our statute, differs from "prevent" an unreasonable invasion of privacy, the verb used in the Washington statute quoted by the majority. But it can

---

[1] Contrast the meaning of "intimate parts" in determining criminal guilt, *State v. Woodley,* 306 Or 458, 760 P2d 884 (1988).

That "personal" information in ORS 192.502(2) means information specific to named individuals is shown by its illustrative reference to data that may be kept in a "personal, medical or similar file."

[2] The statutory phrase, "constitute an unreasonable invasion of privacy," clearly follows the tort of publicizing private facts first described in 1896 by Samuel Warren and Louis Brandeis and now in Restatement (Second) Torts § 652D. This is not a tort in Oregon, *see Anderson v. Fisher Broadcasting Co.,* 300 Or 452, 712 P2d 803 (1986), *Humphers v. First Interstate Bank,* 298 Or 706, 696 P2d 527 (1985), but that is immaterial to interpreting what the legislature meant by the word "constitute."

apply the term "public disclosure" to a requested disclosure to a single person for private use only by reading public disclosure as if it meant "disclosure to a member of the public" or perhaps "disclosure by a public official." I would hold that the statute does not exempt information if its disclosure might be used by some individual to invade a person's privacy.

Because, as I would hold, the exemption requires that public disclosure itself rather than use of the information must qualify as an invasion of privacy, this second test also describes categories of information rather than individual cases. Personal addresses as a category are unlike, for instance, one's medical history, financial circumstances, religious views, or past marital or other liaisons. People routinely put their addresses on their checks, on outgoing letters, and in telephone directories; they give their addresses to banks, to insurance companies, and to many merchants to obtain credit or deliveries. The fact that some people choose not to do so does not put addresses into the class of information whose mere disclosure is an invasion of privacy. There is no basis to believe that the legislators who adopted the exemption placed addresses into that class. The present case should stop at this point.

3. The majority errs in lumping into a single question whether a public disclosure is an invasion of privacy and, if so, whether it is "unreasonable," which is the third test of the exemption. If a public disclosure is not in the class of invasions of privacy, the agency's inquiry stops there; but if the disclosure does invade a person's privacy, it nevertheless may not be unreasonable. This third test is not a categorical determination. It likely will differ from case to case under varying circumstances and with different agency functions and purposes, subject to each agency's general duty to follow a consistent practice. The individual nature of the determination appears from the provision of ORS 192.502(2) requiring the requesting person to prove that the effect on the privacy of its subject would not be unreasonable, always assuming that public disclosure would be an invasion of privacy at all.

Again, the administrative setting of the Public Records Act is crucial to understanding the exemption. The issue arises between an agency and someone asking for the information, not as an agency adjudication between the two or

more persons concerned. Agencies must be able to determine whether they are allowed to withhold information, whether disclosure would be an unreasonable invasion of someone's privacy, without any communication with the person concerned. Although the assent or objections of that person and the reasons for an objection would be significant, the person often will be unavailable, may have left for parts unknown, or may be dead; yet the agency must decide for itself whether the exemption applies.

4. The fourth test is reached only in the case of a request for disclosure that would be an unreasonable invasion of privacy but for an overriding public interest requiring disclosure "in the particular instance." This exception to the privacy exemption by its own terms is to be administered case by case. Again, therefore, the assent or objections of the subject of the information is likely to be significant, but it is not decisive.

It must be kept in mind that the statute applies to many situations entirely different from the present case. To suggest just one example, information of a personal nature whose public disclosure clearly would be a potential invasion of privacy may be sought for the purposes of a biography of a person who is no longer alive, information which also may involve others still living. The publication of the information might be "unreasonable" if the person were alive, but obviously the subject of the biography can no longer be consulted; yet the agency must be able to determine both "reasonableness" and, if necessary, whether publication of the information nevertheless is in the public interest. Although a request to keep a particular fact confidential is relevant to the individualized third and fourth issues, it cannot have decisive weight in agency adminstration of the Public Records Act.

## II.

In the present case, MVD and the Court of Appeals correctly held that the address of its licensee, present in MVD's files by virtue of that person's individual listing as a licensee, is "information of a personal nature." We do not here deal with an agency's attempt to withhold, for instance, otherwise non-exempt official correspondence on grounds that it

incidentally includes someone's address. When an agency routinely requires individuals to submit their addresses, telephone numbers, and the like for its files, this is a category of personal information for purposes of ORS 192.502(2). MVD, the Court of Appeals, and now the majority err at the second step, because addresses are not the kind of information whose public disclosure would be an "invasion of privacy" in the terms of the exemption.

Searching for some way to thwart the present plaintiff, the majority chooses to disregard the objective of an interpretation that can be systematically administered and holds that in *this* case disclosure of a licensee's address would unreasonably invade her privacy. The entire explanation for the majority's holding is found in these lines:

> "The statutory tests for the exemption from inspection are met in the record and rulings of the circuit court in this case. The subject of the record, a residence address, is personal information, and the individual gave prior notice to MVD in writing of the reasons why disclosure would affect her privacy. Her affidavit filed in the trial court sufficiently established that disclosure to the requester would more likely than not unreasonably invade her privacy because providing the information would allow Jordan to harry her incessantly to the extent that an ordinary reasonable person would deem highly offensive. Both requirements for threshold entitlement to the exemption are thus established and MVD is justified in relying upon ORS 192.502(2) and refusing disclosure until a showing is made either involving a public interest or that the disclosure would not constitute an unreasonable invasion of privacy." (Footnotes omitted.)

308 Or at 442-43. What rule, if any, does the majority opinion state? It seems to be this: An agency may deny an inquiry for a person's address when that person has given the agency a plausible reason why disclosure to the specified inquirer would lead to an unreasonable invasion of privacy. Such a rule is as futile as it is unworkable.

First, what is an agency to do if the inquiry comes from someone other than the inquirer designated in the request to withhold the address? The Public Records Act does not allow an agency to demand the reasons for someone's request for a public record.

Second, does the Court expect an agency to take the

reasons asserted for a request to withhold an address at face value, though the person may really be hiding from a creditor or from service of process rather than from someone pestering her for personal reasons or the like? If not, what is the agency's practical obligation to verify the supposed threat of an "unreasonable invasion of privacy" if it expects to justify a refusal to disclose?

Third, one's address may be sought from many other public agencies besides MVD. The typical adult's address is found in many records, in county land records, election records, in an alumni office, in the public schools attended by the person's children, often in the records of a public employer or a public library or the Department of Veterans Affairs, and so forth. An effort really to keep one's address secret requires one either systematically to withdraw from all contact with public agencies or to persuade each separate agency that disclosure of one's address to a specified inquirer would unreasonably invade one's privacy; and even this, to repeat, would be circumvented when the inquirer employs or asks someone else to request the information.

The number and variety of public agencies to which one routinely provides one's address should show beyond doubt that one's address categorically is not the kind of information of which the legislature thought that its public disclosure would *constitute* (not "facilitate") an invasion of privacy. The court's effort to defeat the present request for a public record by misconstruction of the privacy exemption creates unresolved difficulties for the administration of the Public Records Act with little hope for the success which the court seeks to accomplish. I therefore would reverse the decision of the Court of Appeals.

Carson, J., joins in this dissenting opinion.