Submitted on record and briefs May 18, award of attorney fees reversed and remanded
for further proceedings; otherwise affirmed July 18, 1990

## AA AMBULANCE COMPANY, INC.,
### and Jeffrey S. Merrick,
*Respondents,*

*v.*

## MULTNOMAH COUNTY,
### and The Office of Emergency Medical Services,
*Appellants.*

### (A8804-02335; CA A50016)
794 P2d 813

Laurence Kressel, County Counsel, and Sandra Duffy, Assistant County Counsel, Portland, filed the briefs for appellants.

Jeffrey S. Merrick and Allen, Kilmer, Schrader, Yazbeck & Chenoweth, P.C., Portland, filed the brief for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendants (county) appeal from the judgment in this action under the Public Records Law. ORS 192.410 *et seq.* We reverse the award of attorney fees to plaintiffs and otherwise affirm.[1]

Plaintiffs instituted this proceeding, seeking disclosure of certain documents in the possession of J. Fitch & Associates, Inc. (Fitch), an out-of-state consultant that was performing a study for county in connection with its efforts to regulate emergency medical and ambulance services. *See Care Ambulance Co., Inc. v. Multnomah County,* 97 Or App 618, 777 P2d 997 (1989), *rev den* 309 Or 231 (1990). The documents were part of or were relevant to the study. The trial court entered a judgment holding that the documents are public records that are subject to disclosure and prescribing certain mandatory relief. In a second judgment, entered on the same day as the first, the court awarded attorney fees to plaintiff pursuant to ORS 192.490(3).

County's first assignment is that the court erred in concluding that the documents are "public records." ORS 192.410(4) defines that term:

> " 'Public record' includes any writing containing information relating to the conduct of the public's business, including but not limited to court records, mortgages and deed records, prepared, owned, *used* or retained by a public body regardless of physical form or characteristics." (Emphasis supplied.)

Plaintiffs and the trial court relied on a provision in county's contract with Fitch:

> "All work product, materials, and opinions remain the sole property of the Contractor[. Upon] full payment for services, the *County will be granted perpetual use* of the said items." (Emphasis supplied.)

County maintains, however, that some of the documents are subject to this provision of the contract:

> "County shall have access to such books, documents, papers and records of Contractor as are directly pertinent to this Agreement for the purpose of making audit, examination,

---

[1] The sparse record that the parties have provided has impeded our review and makes review of some of their arguments impossible.

excerpts and transcripts *subject to appropriate confidentiality records.*" (Emphasis supplied.)

County asserts that those documents were given to Fitch by ambulance providers from around the country, with the understanding that they would be kept confidential.

■ The essence of county's argument is that the documents are public records only to the extent that the "perpetual use" provision of the contract brings them within the statutory definition and that the confidentiality provision, in turn, takes back what the first provision gives. Even assuming the correctness of county's thesis that the documents are public records only because the contract says that county is entitled to their use, we do not agree with its conclusion that the contract, in and of itself, can create an exception to the statutory disclosure requirement.

■ ORS 192.502(3) establishes an exemption from disclosure for:

"Information submitted to a public body in confidence and not otherwise required by law to be submitted, where such information should reasonably be considered confidential, the public body has obliged itself in good faith not to disclose the information, and when the public interest would suffer by the disclosure."

It is of course possible for a public body to contract to keep information confidential, and the contract can be the vehicle by which it "oblige[s] itself * * * not to disclose the information." However, the statute contains several additional requirements for the exemption to be available. The court noted in *Jordan v. MVD,* 308 Or 433, 443, n 9, 781 P2d 1203 (1989), that "a public agency always has the burden of sustaining applicability of an exemption to avoid disclosure, ORS 192.450(1), ORS 192.490(1), when its decision to exempt is questioned." County points to nothing in the available record to suggest that it carried that burden, and we reject its first assignment.

■■ County's next assignment is that the court erred by assuming jurisdiction over documents in the possession of Fitch, a non-resident, and requiring production of the documents. Fitch was not a party, and the production requirements were imposed on county, not Fitch. County also

maintains that the mandatory relief was error, because it "is not capable of enforcement." The correctness of that prophecy must abide the day. It presents nothing that we need to or can decide now.

■        County's third assignment is that the award of attorney fees was error. It contends that plaintiffs' attorney fee statement was filed and served one and one-half months *before* the entry of judgment and that county was not afforded an appropriate opportunity to object. Under the strange circumstances of this case, we agree. Plaintiffs filed and served the statement after a hearing was held in July, 1988, but before anything even approaching an adjudication occurred. County argued at the July hearing that attorney fees were not recoverable. The statement was filed on August 1, and it lay dormant from then until September 13, when the court held a "status conference," which culminated in the entry of the judgments on the merits and for attorney fees on September 16.

Under ORCP 68C(4), the statement must be filed and served "not later than ten days after the entry of the judgment," and the adverse party has 15 days after service within which to file objections. Technically, plaintiffs may have met those requirements. However, under these circumstances, where the statement was filed more than 15 days before the result of the case was known, we decline to apply the 15-day period for objecting. County was not given an opportunity to object. We reverse the award of attorney fees and remand to the trial court to allow a reasonable time for objections and to conduct whatever further proceedings may be necessary.

We are unable to review county's remaining assignment because of the inadequacy of the record.

Award of attorney fees reversed and remanded for further proceedings not inconsistent with this opinion; otherwise affirmed.