David MARKS,
James Wendell Ball, Paul Pettit
and Agisa de Sieyes,
*Appellants,*

*v.*

McKENZIE HIGH SCHOOL
FACT-FINDING TEAM,
*Respondent.*

(92C-10440; CA A75255)

854 P2d 488

Edmund J. Spinney, Eugene, filed the brief for appellants.

James M. Brown, Salem, argued the cause for respondent. With him on the brief was Enfield, Guimond & Brown, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

Durham, J., concurring.

Deits, P. J., dissenting.

### RIGGS, J.

This is an action under the Oregon Inspection of Public Records Law (Public Records Law), ORS 192.410 *et seq*. Plaintiffs alleged in their complaint that defendant is a public body that denied their lawful request to inspect and copy certain records. The trial court granted defendant's motion to dismiss. ORCP 21A. We reverse.

In 1991, the McKenzie School District asked a private non-profit group, the Confederation of Oregon School Administrators (COSA), to appoint a fact-finding team to investigate problems at McKenzie High School. COSA created defendant, the McKenzie High School Fact-Finding Team, which made an investigation. Plaintiffs, members of the McKenzie School District Citizens Committee, asked defendant for records related to that investigation. Their request was denied.

Pursuant to ORS 192.460, plaintiffs asked the district attorney to order defendant to turn over the records. The district attorney denied their request. Plaintiffs brought this action for injunctive relief, ORS 192.465(1), which was dismissed under ORCP 21A on the ground that defendant is not a "public body" for purposes of the Public Records Law.[1]

ORS 192.420 gives every person the "right to inspect any public record of a public body in this state, except as otherwise expressly provided * * *." Under ORS 192.410(1), "public body" includes

"every state officer, agency, department, division, bureau, board and commission; every county and city governing

---

[1] The complaint alleged, in part, that:

"2.

"Defendant is an independent task group of the Confederation of Oregon School Administrators (COSA), with its main office in Salem, Marion County, Oregon.

"3.

"On December 18, 1991 the School Board for McKenzie School District commissioned Defendant to investigate concerns regarding McKenzie High School. A summary of the charge to the Defendant in carrying out this commission is attached * * *.

"4.

"Defendant is a public body under ORS 192.410(1)."

body, school district, special district, municipal corporation, and any board, department, commission, council, or agency thereof; and any other public agency of this state."

Plaintiffs argue that defendant was a commission of the school district and therefore a "public body." "Commission" can be narrowly defined as a "board or committee officially appointed and empowered to perform certain acts." *Black's Law Dictionary* 246 (5th ed 1979). However, "commission" can also be more broadly defined as a "group of people directed to perform some duty." *Webster's New International Dictionary* 457 (3d ed 1971). Only if "commission" is broadly defined to include non-governmental groups performing duties at the request of a governmental body have plaintiffs alleged facts sufficient to show that defendant was a commission of the school district.

Because nothing in the language of the statute or the legislative history demonstrates a preference for a broad or narrow definition of "commission," we must use principles of statutory construction to determine legislative intent. *McKean-Coffman v. Employment Division*, 312 Or 543, 549, 824 P2d 410 (1992). Our goal is to construe "commission" in a way that is consistent with the legislature's general policy and is also reasonable and workable. 312 Or at 549.

The language of the Public Records Law itself manifests a strong policy favoring disclosure of public records. *Pace Consultants v. Roberts*, 297 Or 590, 687 P2d 779 (1984). It is the policy of the State of Oregon that governmental activities should be open to the public. *Jordan v. MVD*, 308 Or 433, 438, 781 P2d 1203 (1989). Only the broad definition of "commission" is consistent with that state policy. Defining non-profit organizations as commissions when they perform duties at the request of a governmental body is also the more reasonable and workable approach. Defendant advocates a narrow definition of "commission" and "public body" that would permit government to escape scrutiny by delegating tasks to private groups. The legislature cannot have intended to create a loophole of that magnitude.

Reversed and remanded.

**DURHAM, J.,** concurring.

I join the lead opinion and write separately to state reasons, in addition to those described in that opinion, why I believe that the court erred in dismissing the complaint.

This action was dismissed pursuant to ORCP 21A. We accept as true the allegations of the complaint as well as any inferences favorable to plaintiff that could be drawn. *Machunze v. Chemeketa Community College*, 106 Or App 707, 712, 810 P2d 406, *rev den* 312 Or 16 (1991). Viewed in that light, the complaint states a claim.

According to the complaint, and reasonable inferences drawn from the allegations, the school district perceived a need for an independent fact-finding investigation of "concerns regarding McKenzie High School." It asked COSA to identify three persons to perform the investigation and to make a report to the district school board. The board asked the team to address the following in its report:

"1.  Determine whether McKenzie High School encourages in its students the development of respect for the individual differences of other students.

"2.  Determine if ORS 339.420 has been appropriately administered. ORS 339.420 provides, 'Attendance at religious instruction. Upon application of the parent or guardian of the child, or, if the child has attained the age of majority, upon application of the child, a child attending the public school may be excused from school for periods not exceeding...five hours in any week for secondary pupils to attend weekday schools giving instruction in religion.'

"3.  Determine whether discipline guidelines, relating to denial of class time are appropriate and, if so, whether those guidelines have been administered appropriately.

"4.  Determine whether the complaint process is easily accessible and fairly administered.

"5.  Determine whether the District employment practices are fair and equitable and whether they are administered without regard to religion.

"6.  Make any recommendations it deems appropriate."

COSA named the team members and the team made its investigation.

Plaintiffs alleged that defendant was a public body. ORS 192.410(1) defines "public body" to include "every * * * school district * * * and any * * * commission * * * or agency thereof * * *." In this context, there is no substantive difference between a "commission" or an "agency" of a school district. Each is a body that performs work or engages in actions under the authority of a school district. The key element is that the district empowers the commission or agency to act by the authority of the district.

Defendant claims that it was not vested with any statutory authority of any kind from the local school district. I disagree with defendant's premise. It is sufficient if defendant performs a task under the authority of the school district, whether the task is explicitly assigned by law to the board or one that falls within the scope of the board's general authority to administer McKenzie High School.

A school district has plenary authority to "transact all business coming within the jurisdiction of the district * * *." ORS 332.072. The district school board is empowered to "establish and maintain * * * high schools," ORS 332.075(1), and has the broad duty "[t]o perform such other duties as the wants of the district may from time to time demand." ORS 332.105(1)(b).

The allegations suggest that the board desired to conduct this investigation as a part of its administration of McKenzie High School. It used the services of three administrators, who were named by COSA, and defined the scope of the team's tasks. The team's work is school district business. The school board would probably have performed it but for the board's desire to use persons named by an independent organization, COSA, rather than by the school board itself. The district school board exercised statutory authority in requesting that the team convene, perform the investigation and report its recommendations to the board. The team is a "commission" or "agency" of the school district under ORS 192.410(1) because it performed school district business at the district's request and under its authority and was accountable to the school board for its effort. That status is unaffected by COSA's private status or by the investigatory or advisory character of its work. I agree with the lead opinion that a public body cannot escape the obligations of the Public

Records Law by the device of conducting its business through teams of agents that appear to be private and independent but, in fact, function under school district authority.

The complaint adequately states a claim. I concur in the lead opinion's result.

**DEITS, P. J.,** dissenting.

The lead opinion bases its analysis on the principle that public policy favors disclosure of records by public bodies. I heartily agree that that principle is the basis of Oregon's Public Records Law and that it is one we must uphold. Where the lead opinion gets sidetracked, however, is in its conclusion that, in order to carry out that principle, we need to hold that certain private persons and entities are public bodies and are, therefore, subject to the Public Records Law. The language of the pertinent statutes simply does not support that conclusion. Further, it is not necessary to expand the Public Records Law as the lead opinion does in order to protect openness in government.

The pertinent language of the Public Records Law is ORS 192.410(1), which defines a "public body" as

"every state officer, agency, department, division, bureau, board and commission: every county and city governing body, school district, special district, municipal corporation, and any board, department, commission, council, or agency thereof; and *any other public agency of this state.*" (Emphasis supplied.)

A plain reading of the above language shows that the entities included in this definition are officially constituted governmental bodies. Notably, the emphasized language in the statute refers to "any other public agency of this state."

The lead opinion decides that the fact-finding group involved in this case comes within the above definition because, in its view, it is a "commission," as the term is used in the statute. It notes the definition of "commission" in *Black's Law Dictionary*: "A board or committee officially appointed and empowered to perform certain acts." In my view, that definition is completely consistent with how the term is used in the statute. Nonetheless, the lead opinion discards that definition and looks to the general definition of

the term in *Webster's Dictionary*, which is "a group of people directed to perform some duty." That definition takes us far afield from the purpose of the Public Records Law, which is to allow public access to records of *public* bodies. The lead opinion's definition of "commission" allows it to apply the Public Records Law to the fact-finding group in this case. In doing so, it also includes a very extensive group of private persons or entities who perform various tasks for a public body. That group could include private contractors who do work for a public body and numerous advisory groups and citizens who perform tasks for public bodies. The Public Records Law was never intended to have such an extensive application.[1]

Although certainly not binding on this court, a statement included in the Attorney General's Public Records Manual is pertinent here. In discussing whether the Public Records Law is applicable to private entities, it states:

> "The Public Records Law does not apply to private entities or to private bodies such as nonprofit corporations and cooperatives, *even if* those bodies contract to perform governmental functions and receive all their funding from public funds. 46 Op Atty Gen 144 (1988); 46 Op Atty Gen 99 (1988). However, many records of these public bodies can be obtained under the Public Records Law from the public bodies that contract with the private entities, *if* the public bodies have custody of copies of the records. 46 Op Atty Gen 99 (1988). In addition, public bodies by rule or contract may require private bodies with which they deal to make pertinent records available for public inspection." (Emphasis supplied.)

*See AA Ambulance Co., Inc. v. Multnomah County*, 102 Or App 398, 794 P2d 813 (1990).

The lead opinion reasons that its expansive reading of the Public Records Law is necessary because, otherwise, there will be a loophole in the law that will allow public bodies to escape its application. That is not correct. When a private entity, such as the fact-finding group in this case, is asked by a public body to undertake a task such as preparing a report, that information becomes accessible to the public if and when

---

[1] A different question is presented if a governmental body fully delegates responsibility to a private entity to undertake a governmental function and retains no further responsibility to review or approve the private entity's action.

it is presented to the public body. If the public body is going to use the information provided by the private entity as the basis for action or nonaction, that information becomes accessible to the public under the Public Records Law or the Public Meetings Law when the information is communicated to the public entity at a public meeting or submitted in writing to the body. That is exactly what happened in *Bay Area Health District v. Griffen*, 73 Or App 294, 698 P2d 977 (1985). In that case, the plaintiffs sought and obtained a copy of a study undertaken by a private consultant for a public body when the report was submitted to the health district.

The lead opinion's result would have significant impacts on the operation of public bodies. It is a result that is not compelled by the language of the Public Records Law and that is not necessary to maintain openness in government. For all of the above reasons, I respectfully dissent.